Samuel L. Boyd, McElroy & Boyd, Dallas, for appellants.

John H. Marks, Jr., James H. Moody, III, Strasburger & Price, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

GUITTARD, Chief Justice.

The trial court rendered a summary judgment for defendants. On this appeal plaintiffs do not assert any error in the summary judgment, but contend that the trial court erred in vacating an earlier default judgment and granting a motion for new trial. Defendant moved to dismiss the appeal on the ground that the trial court's granting of a new trial is not subject to review. We overruled the motion to dismiss, but defendant has now moved for summary affirmance on the ground that appellants' brief presents nothing for review. We agree. Accordingly, we affirm the judgment without hearing oral argument or examining the briefs on the question of whether defendant presented sufficient grounds to vacate the default judgment.

**Edward L. BURROUGHS and Melba Burroughs, Appellants,**

v.

**Haskell Q. LESLIE, Appellee.**

No. 20815.

Court of Civil Appeals of Texas, Dallas.

April 23, 1981.

Rehearing Denied May 28, 1981.

Plaintiffs insist that the court had no power to vacate the default judgment unless grounds for a new trial are presented in accordance with the standards laid down in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). That case and other precedents cited by appellants establish certain requisites in determining whether the trial court erred in overruling a motion for new trial. They have never been applied to limit the trial court's power to grant a new trial within the period of the court's plenary power over its judgments.

Under rule 329b of the Texas Rules of Civil Procedure, as it was in force when the default judgment was vacated, the trial court retained jurisdiction over the cause and had plenary power over its judgment until thirty days after expiration of the time for overruling the motion for new trial, and within that time the court had power to vacate or modify the judgment or grant a new trial. *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978). An order granting a new trial within that period is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Silva v. Sentinel Life Ins. Co.*, 361 S.W.2d 731 (Tex. Civ.App.—El Paso 1962, writ ref'd n. r. e.); *Ebaugh v. State*, 342 S.W.2d 221 (Tex.Civ. App.—Austin 1961, writ ref'd n. r. e.); *Equitable Life Assur. Soc'y v. Murdock*, 219 S.W.2d 159 (Tex.Civ.App.—El Paso 1949, writ ref'd n. r. e.). The court's plenary power over its judgments for the period specified in rule 329b is the same as that over an interlocutory judgment against one of several defendants, which in the absence of a severance, may be set aside as long as the suit against the other defendants remains pending. *See Hill v. Robinson*, 592 S.W.2d 376, 384 (Tex.Civ.App.—Tyler 1979, no writ). So long as a judgment is subject to this power of the trial court, it establishes no vested right which is subject to protection under due process. *See Freedman Packing Co. v. Harris*, 160 S.W.2d 130, 134 (Tex.Civ.App.—Galveston 1942, writ ref'd w. o. m.). For these reasons, plaintiffs' brief presents nothing for review, and we have no alternative but to affirm.

In so disposing of the appeal, we have not overlooked the recent decision in *Corpening v. Corpening*, 615 S.W.2d 186, (Tex., 1981). In that case the supreme court held that since article 2008 of the Texas Revised Civil Statutes (Vernon 1964) provided a mandatory right of appeal from an order overruling a plea of privilege, such an appeal could not properly be dismissed on the ground that the plea of privilege had been waived in the trial court. In the present case we have recognized plaintiffs' right to appeal, and for that reason we overruled defendant's motion to dismiss. Nevertheless, we see no reason to delay disposition of the appeal for consideration of alleged errors which we have no authority to review. Consequently, the motion for summary affirmance is granted.

Affirmed.