**John Amos CONLEY, Appellant,**

v.

**Leobardo POMPA and Nora Pompa, Appellees.**

**No. 1948.**

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1982.

Rehearing Denied Feb. 11, 1982.

Thomas G. Sharpe, Jr., Brownsville, for appellant.

John Gano, Gano & Houssiere, Houston, for appellees.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal in a medical malpractice case. Suit was filed by appellees, Leobardo Pompa and Nora Pompa, against appellant, Dr. John A. Conley, for medical malpractice which occurred while Dr. Conley was delivering appellees' baby.

Two jury trials were had. In the first trial the jury answered certain special issues which the trial court found to be conflicting, and on motion of the appellees, the trial court granted a motion for a new trial. The second trial resulted in a verdict for appellees. Appellant does not appeal from anything that occurred in the second trial, but his only point of error on appeal is as follows:

"The judgment of the trial court should be reversed and rendered since the trial court erred in granting a new trial and disregarding the non-conflicting answers of the jury in the first case."

After a careful review of the record we find that we do not have jurisdiction to entertain this appeal. Unless a case comes within some special statutory provision, neither an appeal, writ of error, nor exceptions will lie from an order granting or refusing a new trial. An order granting a new trial is an interlocutory order, and absent statutory authority this Court cannot act on such appeal. See: *Equitable Life Assur. Soc. of the United States v. Murdock*, 219 S.W.2d 159 (Tex.Civ.App.—El Paso 1949, n. r. e.); *Fenno v. Sam Reece Air Conditioning & Heating, Inc.*, 572 S.W.2d 810 (Tex.Civ.App. —Houston 14th, no writ).

When a court lacks jurisdiction in a matter, as this Court does in this kind of an interlocutory order, the only valid action it may take is dismissal. *City of Beaumont v. West*, 484 S.W.2d 789 (Tex.Civ.App.—Beaumont 1972, n. r. e.).

Appeal dismissed.