DAUKSCH, Judge.
This is an appeal from an order granting a new trial in a case filed under the Federal Employers’ Liability Act, 45 U.S.C.A., § 51. It was alleged in the lawsuit that the employer failed to provide a reasonably safe workplace. The employer denied the plaintiff’s allegations and after a full trial the jury found no liability on the part of the railroad.
In its order granting a new trial the court said:
ORDER GRANTING NEW TRIAL
The above cause having come on to be heard on the motion for new trial by the plaintiff, and having heard argument of counsel and being otherwise fully advised in the premises the court finds as follows: Following a four day trial a jury verdict was returned in this cause on March 8,1982, in favor of the defendant, FLORIDA EAST COAST RAILWAY COMPANY, finding that there was no negligence on the part of the defendant which was a legal cause of damage to the plaintiff. Taking into consideration the entire testimony in the cause, the demeanor of the witnesses, and the instructions given by the court, the verdict of the jury in the instant cause shocks the judicial conscience of the court and the court is of *1328 the opinion that the verdict was based upon prejudice, sympathy, or some other consideration outside of the evidence, or that the jury failed to understand, weigh, or consider the force and credibility of the evidence or failed to follow or understand the charges of the court to the extent that the verdict was contrary to the manifest weight of the evidence. The court particularly identifies as specific grounds for its finding the substantial testimony identifying and describing the unreasonably unsafe workplace provided by the defendant to its employee, the substantial testimony affirming the dangerous character of the workplace at the time and place the plaintiff was ordered to work, and the charges given without objection to the jury by the court with regard to the duty of the defendant and the liberal rule of causation to be applied in F.E.L.A. actions under the authority of Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443 [1 L.Ed.2d 493] (1957). The court has carefully considered the principles set forth in Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla.1981), Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981), Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), and the authorities cited therein, and the court being of the opinion that it is duty-bound to set aside the verdict of this jury and to grant the plaintiff a new trial on the ground that the verdict was contrary to the manifest weight of the evidence, it is
ORDERED AND ADJUDGED that the motion for new trial by the plaintiff is hereby granted.
[[Image here]]
While we are quite mindful of the principle that all orders of a trial court come to this court with a presumption of correctness we are convinced that in this case the trial judge abused his discretion in ordering a new trial. In Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978), the supreme court laid out the rules governing the trial courts and appellate courts regarding orders granting new trials. We view as primary a requirement that
Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla. 3d DCA 1971). Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.
At 435.
We are also mindful of the decision in Ford Motor Company v. Kikis, 401 So.2d 1341 (Fla.1981) and the scolding we received then.
In order for a trial judge to order a jury verdict overturned and a new trial conducted there must be some explicit, articulated matters of record set out in the court’s order awarding a new trial which explain and demonstrate to us what led the trial judge to conclude the jury verdict was wrong. We have reviewed the record and have concluded that the trial court abused its broad discretion in granting a new trial and that the order granting new trial is not sufficient to meet the requirements of Wackenhut. For example, although the order says the verdict “was based upon prejudice, sympathy, or some other consideration outside the evidence ...” we are not made aware in the order (or otherwise for that matter) what factors led the trial judge to that conclusion. For another example, although the trial judge says the verdict was contrary to the manifest weight of the evidence we do not know why he considered it to be such and upon a review of the record are still not convinced the jury verdict was wrong. Laskey v. Smith, 239 So.2d 13 (Fla.1970).
*1329 The order granting a new trial is reversed.
REVERSED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.