JORGENSON, Judge.
Wilder appeals that portion of the trial court’s order which granted a new trial in Wilder’s successful action to enforce a real estate brokerage contract. The Phams cross-appeal that portion of the order which denied their motion for a directed verdict. We reverse the former ruling and affirm the latter.
The Phams entered into a six-month exclusive-right-of-sale contract with Wilder whereby the Phams agreed to pay Wilder six per cent of the agreed purchase price if Wilder produced a buyer “ready, willing and able to buy on these terms or on any other terms acceptable to” the Phams. Wilder presented the Phams a contract signed by prospective buyers. The Phams made certain alterations to the contract and Wilder presented the altered contract to the prospective buyers’ real estate broker. There was, of course, conflicting evidence as to whether the prospective buyers accepted the changes.
Wilder and the jury say they did; the Phams and the trial judge say they did not. *585 Given the supreme court’s holding in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978), the record before us and the trial court’s failure to state in other than broad terms its reasons for granting a new trial,[1] we must side with the jury. See St. Regis Paper Co. v. Watson, 428 So.2d 243 (Fla.1983); Adams v. Wright, 403 So.2d 391 (Fla.1981); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980); Taylor v. Ganas, 443 So.2d 251 (Fla. 1st DCA 1983); H & U Foods, Inc. v. Ellison, 439 So.2d 923 (Fla. 4th DCA 1983); Cirou v. Basler, 432 So.2d 628 (Fla. 3d DCA 1983); Florida East Coast Railway v. Walker, 429 So.2d 1327 (Fla. 5th DCA), review denied mem., 440 So.2d 353 (Fla.1983).
Affirmed in part; reversed in part.

.In granting the new trial the trial court made the following "findings of fact”:
1. The Plaintiff failed to establish a prima facie case for the recovery of a brokerage commission in that he failed to produce evidence at trial to establish that the prospective purchasers were ready, willing and able to purchase the subject parcel of realty for the price and upon terms acceptable to the seller pursuant to the brokerage contract between Plaintiff and Defendants.
2. The jury’s verdict was contrary to the manifest weight of the evidence produced at trial based upon the insufficiency of the evidence to support the verdict for the Plaintiff as reflected in paragraph 1 hereto and it is apparent that the jury was influenced by considerations outside the record in arriving at the verdict.
3.The subject verdict, based upon the evidence presented at trial, shocked the conscience of the Court as a result of the inadequacy of the evidence submitted by the Plaintiff.