**BASS EXPLORATION, Appellant,**

v.

**THUNDERBOW OIL CORPORATION, Appellee.**

No. 13–84–037–CV.

Court of Appeals of Texas, Corpus Christi.

May 17, 1984.

Donna Cywinski, Dale Harvill, Houston, for appellant.

O.F. Jones, III, Victoria, for appellee.

Before SEERDEN, YOUNG and UTTER, JJ.

OPINION

SEERDEN, Justice.

This is an attempted appeal from an order of the trial court granting appellant's motion for new trial.

We find this Court has no jurisdiction, and, accordingly, we dismiss the appeal.

The record before us reflects that: (1) the trial court signed the default judgment complained of on October 26, 1983; (2) appellant Bass Exploration filed a motion for new trial on November 15, 1983; (3) the trial court held a hearing on the motion for new trial on November 22, 1983; and (4) the trial court signed an order granting the motion for new trial on December 19, 1983.

Under the provisions of TEX.R.CIV.P. 329b, a motion for new trial must be filed within thirty (30) days after the judgment or order complained of is signed. The motion for new trial in this case was filed fifteen (15) days after the default judgment was entered and was therefore timely filed. Rule 329b(c) provides that the trial court then has seventy-five days from the date the judgment was signed in which to grant, by written order, the motion for new trial. The trial court granted appellant's motion for new trial on the fifty-sixth day after the date of the order complained of, and,

therefore, this action was also timely by the trial court.

An order granting a new trial within the time limit set by Rule 329b is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Boris v. Boris*, 642 S.W.2d 855 (Tex.App.— Fort Worth 1982, no writ); *Burroughs v. Leslie*, 620 S.W.2d 643 (Tex.Civ.App.—Dallas 1981, no writ).

The appeal is dismissed.