The **ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY,** Appellant,

v.

**Larry V. BROWN,** Appellee.

**No. 11–87–178–CV.**

Court of Appeals of Texas, Eastland.

April 28, 1988.

Rehearing Denied June 9, 1988.

Brad G. Repass, John L. Yates and John B. Lay, Hudson, Keltner, Smith, Brants & Sparks, Ft. Worth, and Zollie C. Steakley, Sweetwater, for appellant.

J. Donald Bowen and David R. Miller, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, and R. Temple Dickson,

Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, for appellee.

## OPINION

McCLOUD, Chief Justice.

The issue in this suit is whether, under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. sec. 51 et seq. (West 1986), a party may challenge the granting of a new trial in an appeal from the judgment rendered after a subsequent trial.

Larry V. Brown sued his employer, the Atchison, Topeka and Santa Fe Railway Company (Santa Fe), alleging that he was injured while working for Santa Fe. Following a jury trial on the merits, the trial court entered judgment on November 10, 1986, that Brown take nothing against Santa Fe. The judgment recited that the jury had found no negligence on the part of Santa Fe and found that the negligence of Brown was the sole proximate cause of the accident.

Brown timely filed a motion for new trial pursuant to TEX.R.CIV.P. 329b. On December 29, 1986, the trial court entered an order granting a new trial. Thereafter, the case was again tried before a different jury which returned a verdict in favor of Brown. On May 14, 1987, the trial court entered a judgment against Santa Fe for $336,775. Santa Fe appeals this judgment. We affirm.

In a single point of error, Santa Fe urges that the trial court abused its discretion in granting the new trial and contends that the November 10, 1986, take-nothing judgment should be reinstated. We disagree.

The rule is well established in Texas that an order granting a new trial is not subject to review, either by a direct appeal from such order or by an appeal from a final judgment rendered after the subsequent trial on the merits. *Cummins v. Paisan Construction Company*, 682 S.W.2d 235 (Tex.1984). Our Supreme Court in *Cummins*, citing *Burroughs v. Leslie*, 620 S.W.2d 643 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), stated:

The motion for new trial was timely filed and the court granted the motion during

its period of plenary power over the judgment. Rule 329b, TEX.R.CIV.P. An order granting a new trial within that period is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court.

See also *Silva v. Sentinel Life Insurance Company*, 361 S.W.2d 731 (Tex.Civ.App.— El Paso 1962, writ ref'd n.r.e.), and *Ebaugh v. State*, 342 S.W.2d 221 (Tex.Civ.App.— Austin 1961, writ ref'd n.r.e.).

■ Santa Fe argues that the Texas rule is not applicable in FELA cases. We disagree. The cases cited by Santa Fe are distinguishable. In *Brown v. Western Railway of Alabama*, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100 (1949), a Georgia trial court had dismissed the employee's petition after applying the Georgia rule that pleadings should be construed "most strongly against the pleader." The United States Supreme Court observed in *Brown* that it is often stated that, in FELA cases, state courts have no power to detract from "substantive rights" granted by Congress but that such courts are free to follow their own rules of "procedure." The Court noted, however, the impossibility of laying down a precise rule to distinguish "substance" from "procedure" since some rules of procedure "dig" into substantive rights. The Court held that, under the facts alleged, it was error to dismiss the petition and that the employee should be allowed to try his case. The Court stated:

Strict local rules of pleading cannot be used to impose unnecessary burdens upon rights of recovery authorized by federal laws.

Similarly, in *Dice v. Akron, Canton & Youngstown Railroad Company*, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1951), the United States Supreme Court held that the Ohio statute which provided that the trial court, not a jury, should decide factual issues as to fraud in connection with a release executed by the employee diminished the employee's substantive rights under the FELA. The Court said:

We have previously held that "The right to trial by jury is 'a basic and

fundamental feature of our system of federal jurisprudence'" and that it is "part and parcel of the remedy afforded railroad workers under the Employers Liability Act." *Bailey v. Central Vermont R. Co.*, 319 U.S. 350, 354, 63 S.Ct. 1062 [1064], 87 L.Ed. 1444, 1447 (1942). We also recognized in that case that to deprive railroad workers of the benefit of a jury trial where there is evidence to support negligence "is to take away a goodly portion of the relief which Congress has afforded them." It follows that the right to trial by jury is too substantial a part of the rights accorded by the Act to permit it to be classified as a mere "local rule of procedure" for denial in the manner that Ohio has here used.

The cases of *Rogers v. Missouri Pacific Railroad Company*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), and *Texas and Pacific Railway Company v. Roberts*, 481 S.W.2d 798 (Tex.1972), merely announce and apply the appellate standard of review of liability findings in FELA cases. Our Supreme Court in *Roberts* held that in FELA cases:

> [O]nce the appellate court determines that the verdict is supported by some evidence about which reasonable minds could differ, the appellate court's function is exhausted. *Lavender v. Kurn*, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946).

> Review by an appellate court under the Texas "weight and preponderance" standard is precluded where liability of the employer is found by the jury; it is also precluded where the verdict exonerates the employer from liability.

The Court added:

> Common reasoning in support of this position has been either that the question is one of "substance," or that to hold applicable a state rule at variance with the federal rule would interfere with a substantive right granted by the act.

It is clear that, in all of the cases discussed above, a state court rule of procedure interfered with a substantive right granted to the employee under the FELA. This is not true in the instant case.

Santa Fe cites the cases of the *Atchison, Topeka and Santa Fe Railway Company v. Marzuola*, 418 P.2d 625 (Okla.1966); *Coffee v. Seaboard System Railroad, Inc.*, 507 So.2d 476 (Ala.1987); *Florida East Coast Railway Company v. Walker*, 429 So.2d 1327 (Fla.Dist.Ct.App.1983); *Looft v. Missouri Pacific Railroad Company*, 104 Ill.App.3d 152, 60 Ill.Dec. 253, 432 N.E.2d 1152 (1982); and *Torres v. Southern Pacific Company*, 260 Cal.App.2d 757, 67 Cal. Rptr. 428 (1968), in support of its argument that orders granting new trials in FELA cases are appealable. The cases cited, however, are from states which permit a direct appeal from an order granting a new trial. The rule in Texas is different.

■ It has long been the rule in this State that an order granting a motion for new trial is an interlocutory order and not appealable. The Court in *Brown v. American Finance Co.*, 432 S.W.2d 564 (Tex.Civ. App.—Dallas 1968, writ ref'd n.r.e.), noted that the rule followed in Texas is also the rule in most other jurisdictions including the federal courts. See *Gallimore v. Missouri Pacific Railroad Co.*, 635 F.2d 1165 (5th Cir.1981). The granting of a new trial may be attacked in an original mandamus proceeding, as opposed to an appeal, in limited circumstances. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985).

In holding that the Texas procedural rules concerning the submission of special issues did not deny the plaintiff any "substantive" rights under the FELA, the Texas Supreme Court stated in *Scott v. Atchison, Topeka and Santa Fe Railway Company*, 572 S.W.2d 273 (Tex.1978):

> Our decision does not relate to burden of proof, the sufficiency of evidence, the right to a jury determination, or any of the other "substantive" rights which have been held to be governed by federal law in FELA cases. On the contrary, it deals solely with rules of procedure relating to the form, necessity, and effect of jury issues and instructions.

Likewise, the issue in this case deals solely with a procedural matter.

The order granting the motion for new trial and the subsequent retrial did not diminish any of Santa Fe's substantive rights. Indeed, Santa Fe makes no complaint of any error occurring during the second trial. We hold that the Texas procedure does not destroy or diminish any "substantive" rights granted by the FELA. See *Scott v. Atchison, Topeka and Santa Fe Railway Company,* supra; *Missouri Pacific Railroad Company v. Cross,* 501 S.W.2d 868 (Tex.1973).

█ We overrule Brown's motion to dismiss Santa Fe's appeal for want of jurisdiction. This is not an appeal from an interlocutory order granting a new trial. This is an appeal of the final judgment rendered after a second trial, following the granting of the motion for new trial; therefore, this Court has jurisdiction. *Cummins v. Paisan Construction Company,* supra; *Burroughs v. Leslie,* supra.

We also deny Brown's request that we award him damages for delay pursuant to TEX.R.APP.P. 84. We have not been cited to, nor have we found, any case directly in point. The United States Supreme Court has consistently rejected state procedures if these procedures destroy or diminish the substantive rights granted under the FELA. Furthermore, as previously stated, the distinction between "substance" and "procedure" is not precise. *Brown v. Western Railway of Alabama,* supra. We are not convinced that this appeal was taken for the purpose of delay and without sufficient cause.

The judgment of the trial court is affirmed.