Michael Steven SCOTT, Sr., Appellant,

v.

Patricia Diane SCOTT, Appellee.

No. 3–88–259–CV.

Court of Appeals of Texas,
Austin.

June 14, 1989.

Rehearing Denied Aug. 2, 1989.

Michael Steven Scott, Sr., Austin, for appellant.

Elizabeth R.B. Sterling, Cedar Park, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a judgment granting the parties a divorce and awarding managing conservatorship of their minor children to appellee. In several points of error, appellant complains that the trial court erred in granting appellee's motion for new trial. He does not attack the final judgment rendered by the trial court after the motion was granted. We will affirm the judgment.

The granting of a new trial is within the discretion of the trial court. The opportunity for a hearing on the matter is not mandatory. *See* 4 McDonald, Texas Civil Practice § 18.03 (rev.ed.1981).

Texas R.Civ.P.Ann. 329b(a) (Supp.1989) provides "[a] motion for new trial ... shall be filed prior to or within thirty days after the judgment or other order complained of

is signed." Rule 329b(c) provides that the trial court has seventy-five days from the date the judgment was signed in which to grant the motion for new trial or it shall be considered overruled by operation of law. Thereafter, the trial court retains plenary power to grant a new trial for another thirty days after the motion is deemed overruled. Tex.R.Civ.P.Ann. 329b(e) (Supp. 1989).

The record before us reveals the following facts: (1) the trial court signed a decree of divorce on July 28, 1987; (2) appellee filed her motion for new trial on August 12, 1987; (3) the trial court signed an order granting a new trial on August 28, 1987; and (4) the final judgment in this cause was signed September 27, 1988.

Appellee filed her motion for new trial fifteen days after the first judgment was signed. The trial court granted a new trial on the thirty-first day after that decree had been signed. Therefore, appellee's motion for new trial was timely filed and a new trial timely ordered. Thereafter, the trial court rendered judgment in the second trial and appellant appeals from that judgment.

Appellant does not complain of anything that occurred in the second trial, and he does not attack the trial court's judgment of September 27, 1988. Instead, appellant attempts to challenge the granting of the second trial by this appeal.

An order granting a new trial within the time limits permitted by Rule 329b is an interlocutory order and is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court. *Bass Exploration v. Thunderbow Oil Corp.*, 670 S.W.2d 421 (Tex.App. 1984, writ ref'd n.r.e.); *Burroughs v. Leslie*, 620 S.W.2d 643 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Ebaugh v. State*, 342 S.W.2d 221 (Tex.Civ.App.1961, writ ref'd n.r.e.); *Equitable Life Assurance Society v. Murdock*, 219 S.W.2d 159 (Tex.Civ.App.1949, writ ref'd n.r.e.). So long as a judgment is subject to the trial court's plenary power, no vested right subject to due process protection arises. *Burroughs*, 620 S.W.2d at 644.

 Absent some special statutory authority, this Court cannot act on an attempt to appeal an order granting a new trial. *See Conley v. Pompa*, 627 S.W.2d 512 (Tex.App.1982, no writ); *Equitable Life*, 219 S.W.2d 159. Although appellant had the right to perfect a timely appeal from the trial court's final judgment, he does not attack that judgment or present by this appeal any alleged error for which we can grant relief. *Burroughs*, 620 S.W.2d at 644. We have no alternative, therefore, but to affirm the judgment below.

For the reasons stated, the judgment is affirmed.