Kenneth WENSKE, Appellant,

v.

Marianna WENSKE, Appellee.

No. 13-88-427-CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Wanda Roberts, Garner, Roberts & Roberts, Port Lavaca, for appellant.

Lawrence A. Dio, Port Lavaca, John A. George, Fly, Moeller, & Seel, Victoria, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a child custody case. The record reflects that in April of 1987, a jury awarded Kenneth Wenske, appellant, managing conservatorship of his minor child, Ellen Marie Wenske. After

the judgment was entered, Marianna Wenske, appellee, filed a timely motion for new trial, alleging that the trial court should grant a new trial because of "newly discovered" evidence. The trial court, within its plenary period, granted appellee's motion and ordered a new trial. Tex. R.Civ.P. 329b. In March of 1988, a second trial was conducted and the jury awarded both appellant and appellee joint custody of their minor child.

On appeal, appellant does not complain of any error occurring from the subsequent trial. Instead, he contends by his only point of error that the trial court abused its discretion in granting appellee's motion for new trial. Appellee has moved for a summary affirmance alleging that appellant presents nothing for review. We agree. Accordingly, we grant appellee's motion for summary affirmance and affirm the judgment of the trial court. *Burroughs v. Leslie*, 620 S.W.2d 643, 644 (Tex.Civ.App.—Dallas, writ ref'd n.r.e.).

It is well-established in Texas that an order granting a new trial is not subject to review, either by a direct appeal from such order or by an appeal from a final judgment rendered after the subsequent trial on the merits, where the motion for new trial was timely filed and the trial court granted the motion during its period of plenary power over the judgment. *Cummins v. Paisan Construction Company*, 682 S.W.2d 235 (Tex.1984); *Atchison, Topeka and Santa Fe Railway Co. v. Brown*, 750 S.W.2d 332, 333 (Tex.App.—Eastland 1988, writ dism'd); *Bass Exploration v. Thunderbow Oil Corp.*, 670 S.W.2d 421, 422 (Tex.App.—Corpus Christi 1984, no writ); *Burroughs*, 620 S.W.2d at 644.

An order granting a new trial is not appealable because it is an interlocutory order. *Atchison, Topeka and Santa Fe Railway Co.*, 750 S.W.2d at 334; *Brown v. American Finance Co.*, 432 S.W.2d 564, 567 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). However, in *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985), the Texas Supreme Court noted that the granting of a new trial may be attacked in a *mandamus proceeding* in two instances: "(1) when the trial court's

order was wholly void as where it was not rendered in the term in which the trial was had; and (2) where the trial court granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting." None of these circumstances are present in the instant case.

Since in the instant case, the trial court granted appellee's motion during its period of plenary power, the court's order is an interlocutory order and not appealable.

Appellant's counsel asserted during oral argument that this case is distinguishable from cases which hold that an order granting a motion for new trial is not an appealable order. Specifically counsel for appellant, citing *In Re Y*, 516 S.W.2d 199 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.), argued that since the instant case involves the custody of a minor child, Tex. Fam.Code Ann. 11.13(b) (Vernon 1986) prevents a trial court from granting a new trial unless there is insufficient evidence to support the verdict. Appellant's counsel, insists that since there was sufficient evidence in the record to support the original jury's verdict, the trial court had no authority to grant a new trial. We disagree.

Tex.Fam.Code Ann. 11.13(b) (Vernon 1986) provides that in child custody cases the court may not enter a decree that contravenes the verdict of the jury once it is rendered. However, this statute does not prevent the trial court from exercising his discretion to grant a new trial. *See, T.A.B. v. W.L.B.*, 598 S.W.2d 936, 938 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.). Likewise, this court held in *In Re Y* that in child custody proceedings:

If there is evidence of probative force, from which reasonable minds might have come to the same conclusion that the jury came to, then there is evidence to support the findings of the jury. When all of the evidence has thus been considered and the evidence does not preponderate against the jury's findings, it is the duty of the trial court and of this Court to enter and uphold the judgment in keeping with such findings. *The trial court cannot substitute its judgment,*

*in such cases, for that of the jury. If the evidence is factually insufficient and the finding is manifestly unjust, the trial court can only grant a new trial (emphasis added).* In Re Y, 516 S.W.2d at 204. *See also Becerra v. Garibaldo,* 526 S.W.2d 780, 784 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r. e.).

Appellant interprets the language used in *In Re Y* as implying that the trial court can only grant a new trial when there is insufficient evidence. We disagree with appellant's interpretation. More importantly, neither *In Re Y* nor section 11.13(b) of the family code address the issue before us. In the case of *In Re Y,* the appellant brought the appeal complaining of the trial court's *failure* to grant a new trial. It does not stand for the proposition that an appeal may be had from the granting of a new trial.

Next, appellee requests that we award her damages for delay pursuant to Tex.R. App.P. 84. Appellee contends that appellant brought this appeal without sufficient cause and for the sole purpose of delay. We are not convinced that this appeal was taken for the purpose of delay and without sufficient cause.

The judgment of the trial court is affirmed.