NUMBERS 13-06-234-CV and 13-06-236-CV





COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

WELLS FARGO BANK, NATIONAL

ASSOCIATION, AS TRUSTEE FOR

STRUCTURED ASSETS SECURITIES

CORPORATION, AMORTIZING RESIDENTIAL

COLLATERAL TRUST, MORTGAGE PASS - 

THROUGH CERTIFICATES, SERIES 2002-BC8, Appellant,


v.
 


ERIC ERICKSON, Appellee.

 




On appeal from the 250th District Court of Travis County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Benavides


Opinion by Justice Benavides



 In this consolidated appeal and restricted appeal, we are asked to reverse a default
judgment rendered in favor of appellee, Eric Erickson, against appellant, Wells Fargo
Bank. (1) Because the trial court subsequently granted a new trial within its plenary power,
we lack jurisdiction over these appeals. Accordingly, we dismiss the appeals for lack of
jurisdiction.

I. Introduction


 In this case, the trial court rendered a default declaratory judgment against Wells
Fargo. Wells Fargo did not receive timely notice of the judgment, and it filed an appeal and
a restricted appeal, which we have consolidated. (2) While the appeal was pending, and after
a series of hearings and filings, the trial court granted a new trial. On appeal, the parties
dispute whether the trial court granted the new trial within its plenary power. 

 Wells Fargo argues that the trial court properly granted its motion for new trial;
therefore, we should dismiss this case for lack of jurisdiction. Erickson, on the other hand,
argues that the trial court had lost jurisdiction by the time it granted the motion for new trial. 
He argues, therefore, that we should declare the trial court's order granting Wells Fargo's
motion to extend the postjudgment deadlines and granting a new trial void. Because Wells
Fargo has focused solely on the propriety of the order granting the new trial and has failed
to brief the merits of its appeals of the default judgment, Erickson argues that we should
affirm the default judgment.

 Whether the trial court had plenary power at the time it granted the new trial is of
primary importance in this case. If the trial court was within its plenary power to grant a
new trial, then we lack jurisdiction over this appeal because there is no final judgment. See
Cummins v. Paisan Constr. Co., 682 S.W.2d 235, 236 (Tex. 1984) ("'An order granting a
new trial within [the trial court's plenary power] is not subject to review either by direct
appeal from that order, or from a final judgment rendered after further proceedings in the
trial court.'") (quoting Burroughs v. Leslie, 620 S.W.2d 643, 644 (Tex. Civ. App.-Dallas
1981, writ ref'd n.r.e.); see also Aguirre v. Aguirre, No. 13-07-00534-CV, 2008 WL 963348,
at *1 (Tex. App.-Corpus Christi Apr. 10, 2008, no pet. h.) (mem. op.). Because the
analysis of this issue requires a careful examination of the dates on which the events
occurred, we will recite the facts as a time-line of events and will explain the relevant
deadlines in the trial court. We will then analyze the parties' arguments.

II. Facts and Applicable Deadlines

 2002-2004: Erickson signed and delivered a home equity note and deed of trust
lien to Option One Mortgage Corporation. The home equity note and deed of trust lien
related to Erickson's homestead property in Travis County, Texas. Thereafter, Wells Fargo
acquired the note and deed of trust. Erickson defaulted on the note by failing to make
monthly payments.

 August 18, 2005: On Wells Fargo's behalf, Mann & Stevens, P.C. filed a 
foreclosure proceeding against Erickson in the 126th District Court of Travis County. Diana
Stevens, a partner with Mann & Stevens, assigned the case to an associate at the firm
named Joseph Forrest. 

 October 14, 2005: Erickson retained Mark Cohen to represent him. Cohen filed the
underlying declaratory judgment action against Wells Fargo in the 250th District Court of
Travis County on Erickson's behalf, seeking to contest the validity of the note and the lien. 

 October 17, 2005: Forrest received a facsimile copy of Erickson's petition for
declaratory judgment and forwarded it to Wells Fargo to determine whether Wells Fargo
desired representation. 

 October 20, 2005: Cohen served Wells Fargo with citation and Erickson's petition
for declaratory judgment through CSC Corporation, Wells Fargo's corporate registered
agent. 

 November 9, 2005: Mann & Stevens received an electronic referral from Wells
Fargo's agent requesting that Mann & Stevens represent Wells Fargo in the declaratory
judgment action. Forrest inadvertently placed the letter in the file among what he deemed
to be irrelevant documents. Because Wells Fargo sometimes uses different law firms to
handle litigation involving the same property, and Forrest did not notice the representation
letter, Forrest assumed that another firm was handling the declaratory judgment action.

 December 9, 2005: Cohen appeared before the 250th District Court and obtained
a default declaratory judgment against Wells Fargo. The judgment recites that Wells Fargo
was properly served with citation and failed to answer. The trial court's judgment declared
that the note and lien on Erickson's homestead were void and unenforceable. (3) 

 December 29, 2005: Pursuant to Texas Rule of Civil Procedure 306a(3), the district
clerk is required to send notice of a judgment to the parties of record. Tex. R. Civ. P.
306a(3). (4) Typically, the postjudgment timetables, including the period of the court's plenary
power to grant a new trial, begin on the date that the judgment is signed. Tex. R. Civ. P.
306a(1). (5) However, if a party adversely affected by the judgment or its attorney does not
receive notice from the district clerk or acquire actual notice of the judgment within twenty
days of the signing of the judgment, the postjudgment timetables begin on the date that the
party or its attorney received notice, provided that the party files a proper motion requesting
extension of the postjudgment deadlines. Tex. R. Civ. P. 306a(4)-(5). (6) December 29, 2005
was twenty days from the date of the judgment. Forrest did not receive notice from the
district clerk or acquire actual knowledge of the judgment by this date. 

 January 9, 2006: Assuming timely notice of a judgment, the deadline to file a
motion for new trial or a notice of appeal is thirty days from the date of the judgment. Tex.
R. Civ. P. 329b(a); Tex. R. App. P. 26.1. The thirty-day deadline expired on January 8,
2006, which was a Sunday. Accordingly, Wells Fargo had until January 9, 2006 to file a
motion for new trial or a notice of appeal. See Tex. R. Civ. P. 4; Tex. R. App. P. 4.1(a).

 January 11, 2006: (7) Forrest discovered the representation letter from Wells Fargo
and called the Travis County District Clerk, who informed him of the default judgment. 
Forrest then notified Wells Fargo of the default judgment.

 January 14, 2006: The Travis County District Clerk mailed notice of the default
judgment.

 January 19, 2006: CSC Corporation sent a copy of the default judgment to Wells
Fargo.

 February 3, 2006: Wells Fargo filed an equitable motion for new trial. Wells Fargo
claimed that its failure to answer was the result of accident or mistake and was not
intentional or the result of conscious indifference. Wells Fargo cited to Forrest's
misplacement of the representation letter as the mistake that caused the default judgment. 
Additionally, Wells Fargo argued that it had a meritorious defense to the declaratory
judgment action. Specifically, it argued that Erickson's pleadings failed to state a legally
cognizable cause of action and that the loan and deed of trust were valid and enforceable. 
Furthermore, Wells Fargo argued that setting aside the default judgment would not cause
any delay or injury because it offered to reimburse Erickson for the expenses and costs
incurred in obtaining the default judgment. Although the equitable motion for new trial
alleged that Wells Fargo did not receive timely notice of the default judgment, it did not
expressly request that the trial court extend the postjudgment timetables pursuant to Texas
Rule of Civil Procedure 306a(5). 

 February 10, 2006: Assuming that Wells Fargo, through a proper motion under
Texas Rule of Civil Procedure 306a(5), established that it did not receive notice of the
judgment until January 11, 2006, it then had thirty days to file a motion for new trial or a
notice of appeal. Tex. R. Civ. P. 306a(4)-(5); Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1. 
Under an extended postjudgment timetable, Wells Fargo was required to have filed a
motion for new trial before February 10, 2006, which it did on February 3, 2006. 

 February 21, 2006: The trial court held a hearing on Wells Fargo's equitable
motion for new trial. Cohen argued that the motion was too late unless rule 306a applied
to extend the postjudgment deadlines. Tex. R. Civ. P. 306a(4)-(5). Cohen argued that
there was no affidavit from Wells Fargo or its attorneys demonstrating that neither Wells
Fargo nor its attorneys received notice of the judgment within twenty days after it was
signed. (8)
 Specifically, Cohen pointed out that there was no evidence from anyone at Wells
Fargo negating their receipt of actual notice within twenty days of the judgment. Wells
Fargo's counsel offered, and the trial court accepted, an affidavit from CSC Corporation,
Wells Fargo's registered agent; however, the trial court determined that Wells Fargo
needed to produce evidence that it did not receive actual notice. The trial court orally
denied the motion for new trial, but it did not issue a written order.

 February 23, 2006: The trial court sent a letter to the parties. In the letter, the trial
judge requested that Cohen submit an order showing that the court construed Wells
Fargo's motion for new trial as including a request to extend the postjudgment deadlines
under rule 306a(5) and that he was denying the motion because "[n]either the motion nor
any evidence negate the possibility that Wells Fargo received actual notice within 20 days
of the date the judgment was signed and, therefore, fail to establish a prima facie case
extending the trial court's jurisdiction."

 March 1, 2006: The trial court entered an order denying Wells Fargo's request to
extend postjudgment deadlines, finding that Wells Fargo had attempted to seek an
extension in its motion for new trial but had not satisfied its burden to negate actual notice
of the judgment within twenty days of rendition. 

 March 14, 2006: Wells Fargo filed a notice of restricted appeal to the Third Court
of Appeals (9) seeking review of the default judgment. The notice states that Wells Fargo
was affected by the judgment but did not participate and that Wells Fargo's postjudgment
motion was denied by the trial court as untimely. Tex. R. App. P. 30. (10) 

 March 27, 2006: The rules require a trial court to issue a written order denying a
motion for new trial; otherwise, it is overruled by operation of law seventy-five days after
the judgment is issued. Tex. R. Civ. P. 329b(c). (11) Because the trial court did not issue a
written order denying Wells Fargo's motion for new trial, and assuming that Wells Fargo
was entitled to extend the postjudgment timetables thereby making its motion for new trial
timely, the motion would have been overruled by operation of law on March 27, 2006. Id.

 March 31, 2006: Wells Fargo filed a notice of appeal, seeking to appeal the order
denying its motion to extend postjudgment deadlines and the default judgment. (12) April 4, 2006: Wells Fargo filed a second motion to extend postjudgment deadlines
and a supplemental motion for new trial, accompanied by a motion for leave to file the
supplemental motion. Tex. R. Civ. P. 328b. 

 April 18, 2006: The trial court heard Wells Fargo's motions. The trial court entered
an "Order Extending Post-Judgment Deadlines, Granting Leave to File Supplemental
Motion for New Trial and Granting New Trial." In this order, the trial court found that the
earliest date that either Wells Fargo or its attorneys received actual knowledge of the
default judgment was on January 11, 2006, and that the postjudgment deadlines would
begin to run from that date. Accordingly, the trial court found that Wells Fargo's first
equitable motion for new trial was timely filed and was before the court. The trial court
found that the motion for new trial was well founded and should be granted. Thus, the
court set aside the default judgment and awarded Erickson $1,700.00 in attorney's fees.

 April 26, 2006: Assuming that the trial court properly extended the postjudgment
deadlines, its plenary power would have expired thirty days after the equitable motion for
new trial was overruled by operation of law, or April 26, 2006. Tex. R. Civ. P. 329b(e). (13)

III. Arguments and Analysis

 As stated above, the parties now dispute whether this Court has jurisdiction over the
appeals. (14) Wells Fargo essentially asks this Court to find that the trial court had plenary
power when it granted a new trial and dismiss the appeal for lack of jurisdiction. In
response, Erickson first argues that Wells Fargo's notices of appeal deprived the trial court
of jurisdiction to act. Second, Erickson argues that the trial court's initial denial of Wells
Fargo's request to extend the postjudgment deadlines caused the judgment to become
final on January 8, 2006, and, therefore, the trial court lost plenary power on that date. 
Either way we look at it, Erickson reasons that the order granting the new trial was
rendered after the trial court lost plenary power and is void. Because Wells Fargo did not
brief the propriety of the default judgment in this Court, Erickson argues that any error has
been waived. 

A. Wells Fargo's Notices of Appeal

 Erickson argues that by filing its notices of appeal, Wells Fargo transferred
jurisdiction from the trial court to the court of appeals, and the trial court no longer had
jurisdiction over the case when it granted Wells Fargo's second request to extend the
postjudgment deadlines and motion for new trial. For support, Erickson cites Annex
Warehouse v. Archer and quotes the following language:

 It is a rule of general application that when an appeal is perfected to the
Court of Civil Appeals, the latter Court (subject to the right of the trial court
to grant a motion for new trial in term time, . . . and absent statutory
exception), acquires plenary exclusive jurisdiction over the entire
controversy. Similarly, when an application for writ of error is filed in this
Court, our jurisdiction, which is likewise exclusive in nature, attaches to the
cause.


381 S.W.2d 478, 482 (Tex. 1964). As this language indicates, even if a notice of appeal
has been filed, a trial court still has jurisdiction to grant a motion for new trial. Id. The rules
contemplate this jurisdiction as well. For example, Texas Rule of Civil Procedure 329b, in
two separate subsections, states that the trial court, "regardless of whether an appeal has
been perfected," retains jurisdiction to grant a motion for new trial. Tex. R. Civ. P. 329b(d)-(e).

 This, however, does not answer the question of whether a trial court retains
jurisdiction to extend postjudgment deadlines, making an otherwise tardy motion for new
trial timely, after a notice of appeal has been filed. Although the parties have not cited, and
we have not located, a case that expressly decides this issue, at least one court has
assumed that a trial court retained jurisdiction to rule on a rule 306a motion after a notice
of appeal had been filed. 

 In Lavender Enterprises, Inc. v. Standard Waste Systems, Ltd., the trial court
rendered a default judgment against Lavender Enterprises on October 21, 2003. No. 05-03-01074-CV, 2005 WL 995344, at *1 (Tex. App.-Dallas Apr. 29, 2005, no writ) (mem.
op.). Lavender did not receive notice of the judgment within twenty days. Id. On
December 4, 2003, Lavender filed a motion for new trial and a notice of appeal. Id. at *1-2. 
Thereafter, on December 13, 2004, Lavender filed a rule 306a motion seeking to establish
that it first received actual notice of the judgment on November 11, 2003. Id. at *1. The
trial court held a hearing on the rule 306a motion and the motion for new trial on December
29, 2004. Id. After taking the motions under advisement, the trial court denied the rule
306a motion because it overlooked Lavender's affidavit setting forth the facts for the rule
306a motion, which was in the court's file, and it denied the motion for new trial as
untimely. Id.

 On January 16, 2004, the trial court reconsidered the rule 306a motion and
determined that Lavender received notice of the judgment on November 11, 2003, making
the motion for new trial timely. Id. The trial court reconsidered the now timely motion for
new trial on February 6, 2004 but again denied the motion. Id.

 On appeal, Standard Waste argued that the appeal was untimely. First, it argued
that Lavender's rule 306a motion was insufficient to reinvoke the trial court's plenary
power. Id. at *2. Second, it argued that Lavender's notice of appeal was untimely. Id. 
The court of appeals rejected Standard Waste's arguments. Id. It held that once the trial
court found that Lavender received notice of the judgment on November 11, 2003, all the
postjudgment timetables began to run on that date. Id. Thus, Lavender's notice of appeal
was timely filed on December 4, 2003. Id. The court of appeals made this holding even
though the notice of appeal was filed before the trial court granted Lavender's rule 306a
motion to extend the postjudgment deadlines. Id.

 Although the court of appeals did not expressly address whether the notice of
appeal transferred jurisdiction over the case to the court of appeals, it implicitly held that
the trial court retained jurisdiction to consider a rule 306a motion even after a notice of
appeal had been filed. Id. Lavender is not binding on this Court, but we believe its
outcome is correct.

 "A party suffering an adverse judgment rendered without notice may not, consistent
with concepts of due process, be hampered with undue burdens in attacking the
judgment." Gen. Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 944 (Tex.1991). 
Moreover, the law should promote, not frustrate, attempts by the trial courts to correct
erroneous judgments without appellate court intervention. With these principles in mind,
we hold that a party, attempting to preserve his rights to an appeal while still seeking to
establish that his motion for new trial was timely and to obtain a ruling on that motion for
new trial, should not be punished for his diligence. Accordingly, we hold that Wells Fargo's
notices of appeal did not deprive the trial court of its authority to rule on its rule 306a
motion to extend postjudgment deadlines.

B. Did the trial court's plenary power expire before it granted Wells Fargo's
second rule 306a motion?


 Next, we must consider when the trial court's plenary power expired. Erickson
argues that when the trial court denied Wells Fargo's first motion to extend the
postjudgment deadlines on March 1, 2006, it determined that Wells Fargo's equitable
motion for new trial was untimely, and the judgment became final as of December 9, 2005. 
Because there was no timely motion for new trial, the trial court's plenary power expired
thirty days later on January 8, 2005. Thus, by its first order denying Wells Fargo's request
to extend the postjudgment deadlines, the trial court effectively terminated its own plenary
power at thirty days after the final judgment. By Erickson's reasoning, the trial court could
not thereafter reconsider its decision because the decision terminated its plenary power. 
Because a rule 306a motion can only be granted while the trial court retains plenary power,
the trial court's order granting Wells Fargo's second motion to extend postjudgment
deadlines and motion for new trial on April 18, 2006 is void. We disagree.

 A rule 306a motion seeks to establish that the party did not receive actual notice of
the judgment within twenty days after it was signed. Tex. R. Civ. P. 306a(4). Most often,
a party filing such a motion faces a situation where the trial court's plenary power has
already expired at the time it receives notice of the judgment. Thus, if the motion makes
a prima facie showing that the party did not receive actual notice of the judgment within
twenty days, the motion itself reinvokes the trial court's jurisdiction for the limited purpose
of holding a hearing to determine the date the party received notice of the judgment. 
Green v. Guidry, 34 S.W.3d 669, 670 (Tex. App.-Waco 2000, no pet.). 

 The Texas Supreme Court has held that the date of notice alleged in the rule 306a
motion also controls the time period for determining if the rule 306a motion itself is timely. 
There is no deadline for filing a rule 306a motion, except that the motion must be filed and
ruled upon while the court retains plenary power, and the time for the court's plenary power
is counted from the date of notice of the judgment as alleged in the rule 306a motion. John
v. Marshall Health Servs., 58 S.W.3d 738, 741 (Tex. 2001). For example, in this case,
Wells Fargo alleged that it received notice on January 11, 2006. Thus, the trial court's
plenary power to consider the rule 306a motion must be counted from January 11, 2006. 
Id.

 The next question is how long did the trial court's plenary power last? In the
absence of a plenary power-extending motion, such as a motion for new trial, the trial
court's plenary power would have expired thirty days after January 11, 2006. Tex. R. Civ.
P. 329b(a). However, "[a]ny plenary power-extending motion should be effective to extend
the time for filing a 306a(5) motion for the full plenary-power period, determined from the
date of notice." Green, 34 S.W.3d at 670. If a motion for new trial is timely filed after
notice of the judgment, a party can have as much as 105 days after receiving notice to file
its 306a(5) motion. Id.; see Tex. R. Civ. P. 329b(c) (unless disposed of by written order,
motion for new trial overruled by operation of law 75 days after judgment is signed); Tex.
R. Civ. P. 329b(e) (trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment until thirty days after all such timely-filed motions for new
trial are overruled, either by a written and signed order or by operation of law).

 Here, Wells Fargo filed a motion for new trial within thirty days of receiving notice
of the judgment. By this motion, Wells Fargo extended the trial court's plenary power as
well as extended the time to file a rule 306a motion. John, 58 S.W.3d at 741. The trial
court had 75 days to rule on the motion for new trial by written order, but it did not do so
in that time. Thus, the motion was overruled by operation of law on March 27, 2006, which
was 75 days after January 11, 2006. Id.; Tex. R. Civ. P. 329b(c). The trial court then had
an additional thirty days to grant a new trial before its plenary power finally expired. Tex.
R. Civ. P. 329b(e). Wells Fargo filed, and the trial court granted, its rule 306a motion
before April 26, 2006, when the trial court's plenary power finally expired. Thus, the trial
court was within its plenary power to grant Wells Fargo's rule 306a motion to extend the
postjudgment deadlines and also its motion for new trial.

 In essence, Erickson argues that a trial court cannot reconsider its decision to deny
a rule 306a motion. We find nothing in the rules that precludes a trial court from
reconsidering its prior ruling on such a motion within its plenary power or from entertaining
a second motion filed for the same purpose. To the contrary, in Lavender, discussed
above, the trial court initially denied Lavender's rule 306a motion. 2005 WL 995344, at *1. 
By Erickson's logic, in Lavender, this denial would have terminated the court's plenary
power and deprived it of jurisdiction to later extend the postjudgment deadlines. Id. But
it reconsidered its earlier ruling, and the court of appeals approved of this course of action. 
Id. at *2. Again, while Lavender is not binding on this Court, we find that the court's
analysis was correct, and we follow it here.

 Finally, Erickson argues that because the second order extending the deadlines is
also void because it was entered more than 90 days after the judgment was final, citing
Walker v. Harrison, 597 S.W.2d 913 (Tex. 1980). This case does not mention or discuss
a 90-day limit for a ruling on a rule 306a motion. We note that rule 306a(4) provides that
even if a party receives notice of a judgment more than twenty days after it is signed and
files a motion under rule 306a(5) to extend postjudgment deadlines, in no instance may
those deadlines begin to run more than 90 days after the judgment is signed. Tex. R. Civ.
P. 306a(4). However, that is clearly not the case here, as the postjudgment deadlines
began to run on January 11, 2006, when Wells Fargo first received notice of the judgment,
which was only a little over a month after the judgment was signed. 

 Accordingly, we hold that the trial court could properly consider Wells Fargo's
second rule 306a motion to extend the postjudgment deadlines, and consequently,
retained plenary power to grant Wells Fargo's motion for new trial. Because the trial court
properly granted Wells Fargo's motion for new trial, there is no final judgment in this case,
and we lack jurisdiction over these appeals.

IV. Conclusion

 Because the trial court granted Wells Fargo's motion for new trial within its plenary
power, we lack jurisdiction over these appeals because there is no final judgment. 
Accordingly, we dismiss the consolidated appeals for lack of jurisdiction. Erickson's
"Motion for Order Protecting Jurisdiction" is denied. 



 _____________________________ 

 GINA M. BENAVIDES,

 Justice


Opinion delivered and filed

this the 19th day of June, 2008. 

1. For ease of reference, we designated appellant as "Wells Fargo." However, appellant was sued as
"Wells Fargo Bank, National Association, as Trustee for Structured Assets Securities Corporation, Amortizing
Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC8."
2. On June 15, 2006, we granted Wells Fargo's motion to consolidate cause numbers 13-06-234-CV
and 13-06-236-CV.
3. Mann & Stevens claims that Cohen did not give prior notice of his intent to take a default judgment. 
At oral argument, Cohen claimed he placed a phone call to Mann & Stevens, but this is not otherwise apparent
from the record.
4. Rule 306a(3) provides: 


 When the final judgment or other appealable order is signed, the clerk of the court shall
immediately give notice to the parties or their attorneys of record by first-class mail advising
that the judgment or order was signed. Failure to comply with the provisions of this rule shall
not affect the periods mentioned in paragraph (1) of this rule, except as provided in
paragraph (4).


Tex. R. Civ. P. 306a(3).
5. Rule 306a(1) provides: 


 The date of judgment or order is signed as shown of record shall determine the beginning
of the periods prescribed by these rules for the court's plenary power to grant a new trial or
to vacate, modify, correct or reform a judgment or order and for filing in the trial court the
various documents that these rules authorize a party to file within such periods including, but
not limited to, motions for new trial, motions to modify judgment, motions to reinstate a case
dismissed for want of prosecution, motions to vacate judgment and requests for findings of
fact and conclusions of law; but this rule shall not determine what constitutes rendition of a
judgment or order for any other purpose.


Tex. R. Civ. P. 306a(1). 
6. Rule 306a(4) and (5) provide:


 4. No notice of judgment. If within twenty days after the judgment or other appealable order
is signed, a party adversely affected by it or his attorney has neither received the notice
required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with
respect to that party all the periods mentioned in paragraph (1) shall begin on the date that
such party or his attorney received such notice or acquired actual knowledge of the signing,
whichever occurred first, but in no event shall such periods begin more than ninety days after
the original judgment or other appealable order was signed.

 

 5. Motion, notice and hearing. In order to established the application of paragraph (4) of
this rule, the party adversely affected is required to prove in the trial court, on sworn motion
and notice, the date on which the party or his attorney first either received a notice of the
judgment or acquired actual knowledge of the signing and that this date was more than
twenty days after the judgment was signed.


Tex. R. Civ. P. 306a(4)-(5). 
7. Forrest initially claimed that he discovered the default judgment on January 12, 2006. However, he 
later stated in an affidavit that he was mistaken and that he discovered the default judgment on January 11,
2006.
8. At the hearing, Cohen apparently argued that Wells Fargo was required to bring live witnesses to
the hearing so that Cohen could cross-examine them about the date they received notice of the judgment. 
The trial court asked why Wells Fargo did not bring witnesses. Wells Fargo's counsel, Ms. Stevens of Mann
& Stevens, replied, "Mr. [Forrest] is no longer an employee of our firm, Your honor. And given the
circumstances by which--by which he left the firm, it didn't seem as though I would be able to get cooperation
at this point." 

9. This case was transferred to the Thirteenth Court of Appeals pursuant to a docket equalization order
issued by the Supreme Court of Texas. See Tex. Gov't Code Ann. § 73.001 (Vernon 1998).
10. Texas Rule of Appellate Procedure 30 provides:


 A party who did not participate--either in person or through counsel--in the hearing that
resulted in the judgment complained of and who did not timely file a postjudgment motion or
request for findings of fact and conclusions of law, or a notice of appeal within the time
permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule
26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes
pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

 

Tex. R. App. P. 30.
11. "In the event an original or amended motion for new trial or a motion to modify, correct or reform
a judgment is not determined by written order signed within seventy-five days after the judgment was signed,
it shall be considered overruled by operation of law on expiration of that period." Tex. R. Civ. P. 329b(c)
(emphasis added).
12. This case was also transferred to this Court pursuant to Texas Government Code section 73.001,
and it was consolidated with the restricted appeal. 
13. "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal
has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the
judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order
or by operation of law, whichever occurs first." Tex. R. Civ. P. 329b(e). 
14. To this end, Erickson has filed a "Motion for Order Protecting Jurisdiction," asking this Court to
declare the order extending the postjudgment deadlines and granting a new trial void and to proceed with the
merits of the appeal. Initially, Wells Fargo argued that this Court had jurisdiction over this appeal because
Erickson could still seek a writ of mandamus declaring the order granting a new trial void. For this proposition,
Wells Fargo cited In re Pindome Corp., No. 08-03-00038-CV, 2003 WL 757441, at *2 (Tex. App.-El Paso Mar.
6, 2003, orig. proceeding), and its companion, Triad Hospitals, Inc. v. Pindome Corp., No. 08-03-00042-CV,
2003 WL 21290954, at *1 (Tex. App.-El Paso June 5, 2003, no pet.). In those cases, like the present case,
the trial court granted a new trial after the appellant filed a notice of restricted appeal. In re Pindome, 2003
WL 757441, at *1. The appellee filed a petition for writ of mandamus seeking to void the order granting a new
trial, which the court of appeals denied. Id. The court noted that ordinarily, an order granting a new trial would
deprive the court of jurisdiction over the restricted appeal. Id. at *2 n.1. However, dismissing the appeal
"could potentially impair the rights of Triad and HCA to pursue the restricted appeal in the event that Pindome
successfully obtains review of the decision denying mandamus relief." Id. Therefore, the trial court allowed
the restricted appeal to remain pending until any mandamus challenges could be resolved or until Pindome
moved to dismiss. Id. Later, Pindome moved to dismiss the restricted appeal. Triad Hosp., Inc., 2003 WL
21290954, at *1. Triad did not object, but it requested that the court expressly find that there was no final
judgment in the case, just in case Pindome sought mandamus review at the supreme court, which the court
did in its opinion dismissing the restricted appeal. Id. 


 Based on this reasoning, Wells Fargo initially asked this Court to retain the case on its docket until
a sufficient time passed to allow Erickson to file a petition for writ of mandamus. Erickson did not seek
mandamus relief. In its reply brief, Wells Fargo concludes that a writ of mandamus is no longer available due
to laches, and it argues that this Court lacks jurisdiction because there is no final judgment. We need not find
that too much time has passed for Erickson to now file a petition for writ of mandamus attacking the order
granting a new trial; such a decision would be merely advisory. However, following the court of appeals in
Triad, we are comfortable that by dismissing this case for lack of jurisdiction, Wells Fargo will not be in the
position of losing its right to appeal the order in the event Erickson later seeks mandamus relief. Id. For the
reasons that follow, we deny Erickson's "Motion for Order Protecting Jurisdiction."