## ASHTON et ux. v. FARRELL & CO. et al.

### No. 13823.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 28, 1938.

Rehearing Denied Dec. 2, 1938.

Rogers & Spurlock, of Fort Worth, for appellants.

H. S. Lattimore and John A. Scott, both of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

On November 18th, 1936, a suit was filed in the District Court of Tarrant County, with docket number 16514–A, by Farrell & Company, a corporation, incorporated under the laws of the State of Texas, and having its domicile in Tarrant County, against Roy Ashton and Berta Ashton, his wife, who were alleged to be nonresidents of the State of Texas and not' to be found within its territories.

It was alleged that in the latter part of 1932, and throughout the year 1933, the plaintiff operated, under a written contract with the defendant, Roy Ashton, an oil well in Gregg County, owned jointly by the plaintiff and him, and known as the Ashton-Abernathy Lease, which is described by metes and bounds in the petition; the defendant, Roy Ashton, agreeing to pay one-half of the costs of the operation of said lease and the well thereon, and the producing of oil and the delivering of the same to the pipe lines.

Then follow allegations that the plaintiff under said contract and within the terms thereof, incurred and paid costs of operations, with an itemized statement of such payments. There were further allegations that plaintiff paid $395 as costs and expenses of an appeal of a certain law suit in the United States District Court at Tyler and the Circuit Court of Appeals in New Orleans, involving another oil lease in which both the defendants and plaintiff were interested, and under an agreement with the defendants that Roy Ashton would pay one-half of such costs and expenses.

It was further alleged that Roy Ashton had failed and refused to pay his one-half of said charges, and after they fell due, and

for the purpose of defrauding his creditors, Roy Ashton deeded and transferred to his wife, Berta Ashton, another oil lease in Gregg County, which was his separate property, which transfer was made without payment of any consideration, and that the execution of the deed left Roy Ashton no longer owning any property in this State subject to execution, out of which plaintiff's debt could be made.

Upon application of the plaintiff, an attachment was sued out and levied upon the lease so transferred to Mrs. Berta Ashton. Then follows a prayer for cancellation of the deed so made and for a foreclosure of the attachment lien on that lease.

The attachment prayed for was duly issued and levied upon the lease alleged to have been transferred to Berta Ashton by Roy Ashton.

Byron Matthews, a duly licensed attorney-at-law, was appointed by the court to represent the defendants, and he filed an answer for them, consisting of a general demurrer and a general denial. On January 1st, 1937, a trial was had before the court, without a jury, and judgment was rendered in that case, showing the following findings: The appearance of plaintiff by attorney, and the attorney ad litem for defendants, who were non-residents of the State and who made no appearance; and that Roy Ashton is indebted to plaintiff, Farrell & Company, in the sum of $1,216.62, as alleged in plaintiff's petition, on the facts therein alleged; the issuance and levy of the writ of attachment sued out, followed by judgment in favor of J. E. Farrell against Roy Ashton, for the sum of $1,216.-62, with foreclosure of the attachment lien as against both defendants, and sale thereof under order of sale; the application of the proceeds to satisfaction of the judgment and costs of suit, but with no order for issuance of execution to satisfy any unpaid balance of the judgment left remaining after such sale.

The appeal now before us grows out of pleadings filed by Roy Ashton and wife, Berta Ashton, in the same court in which the foregoing judgment was rendered, docketed as Roy Ashton et ux. v. Farrell & Co. et al., file No. 19207–A. The original petition in that proceeding was filed August 24th, 1937. In that petition, Farrell & Company, a corporation, with an office and principal place of business in the City of Fort Worth, and J. E. Farrell, residing in said City, were named the defendants.

The pleadings and judgment in the former suit were all alleged, followed by allegations that at the time of the institution of that suit, and ever since, Roy Ashton and Berta Ashton each resided in the City of Shreveport, Louisiana, and had no knowledge of the institution of that suit or any proceedings therein, until long after the rendition of that judgment.

That judgment was attacked on the following grounds: First, that the recovery therein decreed was in favor of J. E. Farrell, who was not a party to that suit and who had filed no pleadings therein, and was therefore void; second, the personal judgment against Roy Ashton for the debt was void because he was a non-resident and did not appear; third, plaintiff had a good and sufficient defense to the claim for one-half the amount of operating costs of the lease and well alleged in that suit, in this, that the only obligation which Roy Ashton had ever undertaken was to pay one-fourth of said operating expenses, and, further, that the costs, insurance and taxes which Farrell & Company alleged they had paid were out of proportion to the actual costs of maintenance of the leases. There were further allegations that Roy Ashton and wife had no knowledge whatever of the existence of the suit, nor had any demand been made upon them for payment thereunder, until long after the judgment had been rendered.

Following is the concluding paragraph of the petition: "Wherefore, premises considered, plaintiffs pray that defendants Farrell & Company, a corporation, and J. E. Farrell, individually, be cited to appear and answer this petition and that upon final hearing hereof they be granted a bill of review in such matters and that such judgment heretofore rendered in cause No. 16514–A be set aside and held for naught, that they recover their costs, and for general and special relief in law or in equity to which they may show themselves to be entitled."

Farrell & Company and J. E. Farrell filed an answer to that petition, consisting of a general demurrer, special exceptions and a general denial, with a further special answer alleging that both plaintiffs, Roy Ashton and wife, were resident citizens of the State of Louisiana prior to the institution of the former suit, and have been such

ever since, with the further special answer as follows:

"Pending the trial of the cause 16514–A in this court the defendant Farrell & Company sold and assigned his cause of action to the defendant J. E. Farrell and at the date of the judgment in said cause, said J. E. Farrell was the owner thereof.

"Wherefore, defendants pray that they go hence without day and recover their costs and. that the relief prayed for by plaintiffs be denied, and in the alternative pray that the judgment in cause 16514–A be amended and reformed so as to allow the recovery and relief therein decreed to be here awarded to either the defendant J. E. Farrell or the defendant Farrell and Company as the facts may show the owner of said cause of action to be now or to have been at the date of said judgment and that the attachment lien provided in said cause be in all things perpetuated and foreclosed and established and for costs and such other relief, general or special, legal or equitable be granted as the pleadings and testimony may justify."

Plaintiffs filed a supplemental petition, presenting the contention that the court cannot now correct the former judgment so as to award the recovery to Farrell & Company instead of J. E. Farrell, by reason of the allegations in their answer that Farrell & Company had no interest in the subject matter of the suit when judgment was rendered, with the further allegation that prior to the rendition of said judgment, it did in fact assign its cause of action, asserted in that suit, to J. E. Farrell.

The issues presented in those pleadings were heard and determined by the trial court, without the aid of a jury. The testimony showed without dispute that Roy Ashton and wife were residents of Shreveport, Louisiana, at the time the former suit was instituted, and have been ever since; that no personal service of citation was ever had on them, and they knew nothing of the institution of the suit or anything pertaining thereto, until some months after the judgment was rendered therein, and therefore did not authorize anyone to enter an appearance for them.

Roy Ashton testified that certain items in the account against him for operating the lease were incorrect, but he further testified that the reason he had never settled the account was because of his dispute of those items. He did not deny that he had agreed to pay one-half the operating expenses, as alleged by plaintiff in the former suit.

Grace McEntyre, secretary of Farrell & Company, testified that J. E. Farrell was president of Farrell & Company, a corporation, and owned about 99 per cent of its capital stock. She testified that the account of Farrell & Company against Roy Ashton, on which the former suit was filed, was transferred to J. E. Farrell at the close of the year 1936, when the auditor audited the books for that year, but in answer to further repeated questions, she testified that the audit of the books for the year 1936 was made in February or March, 1937, and the account was transferred after that audit.

No assignment of error is presented to the admission of that testimony by reason of defendants' special plea alleging the ownership by J. E. Farrell of the claim sued on in the former suit, at the time judgment was rendered therein on January 11th, 1937. In this connection, see First State Bank v. Jackson, Tex.Civ.App., 13 S.W.2d 979, and decisions there cited.

The itemized account made the basis of the original suit, the citation and service thereof by publication, attachment writ and levy thereof, were also introduced in evidence.

The finding shown in the judgment in this case, hereafter copied, that the entry of the former judgment in favor of J. E. Farrell was through inadvertence, has sufficient support in the face of the former judgment; and the trial judge made the statement to that effect during the trial as part of the evidence in this case.

The defendants introduced testimony sufficient to sustain its allegations of indebtedness of Roy Ashton, shown in its petition in the original suit.

At the conclusion of the hearing, judgment was rendered as follows:

"On the 5th day of January, 1938, this cause came on to be heard and plaintiffs appeared by their attorney and Roy Ashton appeared in person and the defendants appeared by their attorney and all parties announced ready for trial and a jury being waived the issues of law and fact were submitted to the court and the evidence was duly heard and it appears to the court that in cause No. 16514–A in the 67th District Court of Tarrant County, Texas, Farrell & Co. v. Roy Ashton and Berta Ashton, that this court did in fact render a judgment in said cause for the plaintiff Farrell

and Company and that by error of counsel in drafting the form of the decree which was to be used by the clerk in entering the judgment on the minutes and the judgment entered in the minutes was through inadvertence entered in favor of J. E. Farrell as plaintiff, said J. E. Farrell being the president of Farrell and Company but having filed no pleadings in cause No. 16514–A and the evidence of plaintiff and defendant being carefully considered by the court, the court is unable to find any evidence to support a defense by the plaintiffs herein to the claim of Farrell and Company as sued on in said cause No. 16514–A and it further appearing from the evidence and from the plaintiffs' own testimony that he did agree to pay the charges alleged by plaintiff in the petition in cause No. 16514–A and that the running of limitation against said claim was interrupted by the plaintiffs leaving the State of Texas and that said claim is not barred by limitation and there being no sufficient pleading or evidence that said items set out in the petition of Farrell and Company in cause No. 16514–A were not actually expended and properly so and it further appearing to the court that the citations and trial of said cause No. 16514–A was in all things regular and that Farrell & Co. was the owner of the chose in action at time of said judgment, and that the law and the facts are for the defendants herein, except as hereinafter stated, and that the judgment in cause No. 16514–A should be corrected to read as set out below and that no personal judgment should be rendered against plaintiffs herein except for costs, other than such as may be realized from the attachment lien and foreclosure hereinafter decreed;

"It is therefore ordered, adjudged and decreed that Farrell & Company, a corporation, do have and recover of and from Roy Ashton the sum of One Thousand Two Hundred Sixteen & 62/100 ($1216.62) Dollars with interest at six per cent (6%) per annum from the 11th day of January, 1937, until paid and it is further ordered, adjudged and decreed that the attachment lien of Farrell and Company upon the State Lease in Gregg County, more particularly described as follows: (Here follows description of the lease) to secure and enforce the judgment above rendered, be and the same is hereby established against Roy Ashton and Berta Ashton as of November 23rd, 1936, and such lien is hereby foreclosed as

against Roy Ashton and Berta Ashton and the clerk will issue orders of sale to Gregg County commanding the proper officer to seize and sell said premises aforesaid as under execution and that the proceeds thereof be first applied to the costs of executing said writ and the costs of this suit and the costs of said causes Nos. 16514–A filed in the 67th District Court, Tarrant County, Texas, and No. 19207–A in the 67th District Court, Tarrant County, Texas, and that thereafter the remainder be paid to Farrell and Company in an amount sufficient to pay the judgment herein decreed and that thereafter the remainder, if any, be paid to Roy Ashton and Berta Ashton and a fee of Twenty-five ($25.00) Dollars is allowed to the said Byron Matthews for representing the defendants in cause No. 16514–A, same to be taxed as costs. All costs in No. 16514–A are adjudged against Roy Ashton. Other relief prayed for is denied.

"The judgment herein provided shall not be enforced by any process, other than such as is necessary or appropriate to enforce the attachment lien herein decreed, to which judgment the plaintiffs, Roy Ashton and Berta Ashton except and give notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas."

We quote the following announcement in 33 Tex.Jur. par. 178, p. 629, which is supported by many decisions there cited: "In contradistinction to the above mentioned rule of construction that is applied on special exception, as against a general demurrer, or in the absence of any objection until after verdict, the pleading will be construed as favorably to the pleader as possible. The court will seek to discover the intendment of the pleader, and the pleading may be upheld even if some element of the cause of action or defense has not been specifically averred. In other words, every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated. This rule is said to be so well-settled as not to require the citation of authority, and it is sometimes so announced. However, the doctrine has been embodied in a rule of court which has been cited in numerous decisions."

Applying that rule here, we construe the pleadings of the plaintiffs in this proceeding as a motion for new trial, as in-

sisted by appellants, in their briefs, under provisions of Art. 2236, Rev.Civ.St., reading in part as follows:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases."

And not as a bill of review to set aside a judgment under the strict rules of equity jurisprudence, as insisted by appellees.

While it is true plaintiffs did not in terms of that statute move for a new trial, yet the facts alleged were sufficient to entitle them thereto under their prayer for general relief. Their prayer for a bill of review was therefore of no moment. Indeed, their pleadings were wholly insufficient to show right to a bill of review in equity, because they showed affirmatively that plaintiffs had a statutory right to set aside the judgment by motion for new trial, on the grounds alleged, rather than by resort to equity; nor was there any showing in those pleadings of excuse for failure to prosecute a writ of error from the judgment rendered. Texas Co. v. Dunlap; Tex.Com.App., 41 S.W.2d 42.

In Trujillo v. Piarote, 122 Tex. 173, 178, 53 S.W.2d 466, it was held that a proceeding to set aside a judgment rendered under service by publication is not a bill of review but a motion for new trial. And that, too, in cases where the defendant cited by publication was represented on the trial by an attorney ad litem. Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905. See, also, Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770, and decisions there cited.

■ "Good cause", within the meaning of Art. 2236, is shown where defendant had no actual notice of the pendency of the suit prior to the judgment, and alleges a meritorious defense to the action, either in whole or in part, which probably would have resulted in a different judgment. Dennis v. McCasland, 128 Tex. 266, 97 S. W.2d 684; Smalley v. Octagon Oil Co., Tex.Civ.App., 82 S.W.2d 1049; Smith v. Higginbotham, supra.

■ If the motion for new trial under Art. 2236 of the statutes is sufficient on its face to show right thereto, then the merits of the suit may be determined in connection with the hearing of the motion, to avoid trial of the two issues by piece meal. Boone v. Anderson, Tex.Civ.App., 45 S.W. 2d 629; Smalley v. Octagon Oil Co., supra; Camden Fire Ins. Co. v. Hill, Tex.Com. App., 276 S.W. 887; State Trust & Savings Bank v. Ferguson Seed Farms, Tex. Civ.App., 80 S.W.2d 417; Lamb v. Isley, Tex.Civ.App., 114 S.W.2d 673.

And since that was done in this case, appellants were accorded the full benefits of all the grounds upon which the former judgment was attacked. Therefore, authorities cited in support of those attacks will not be discussed. And since this proceeding was for a new trial under the provisions of Art. 2236, R.C.S., it is unnecessary to discuss authorities cited by appellees applicable to bills of review of judgments in equity, in absence of legal remedy for the relief sought. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979, 41 S.W. 465; 26 Tex.Jur. sects. 184 and 185, pages 584 and 585.

■ And because the judgment in this proceeding was upon the merits of the issues involved and is supported by evidence introduced on the trial, from which this appeal is prosecuted, the further decree of a correction of the former judgment to accord therewith must be treated as surplusage. The former judgment was annulled in its entirety by the granting of a new trial of the case on its merits and being without life it could not be reformed or corrected, either in whole or in part.

All assignments of error are overruled and the judgment is affirmed.