**William Harve PINKLEY, Appellant,**

v.

**Lourdes VEGA, Appellee.**

**No. 08–88–00193–CV.**

Court of Appeals of Texas,
El Paso.

April 5, 1989.

Jose Montes, Jr., Volk, Montes & Lewis, P.C., El Paso, for appellant.

Jesus M. Hernandez, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from an order modifying prior orders in a suit affecting the parent-child relationship. All proceedings below were non-jury. We reverse and remand.

Appellee's motion to modify as to conservatorship and child support was heard initially by a court master on August 25, 1987, Appellant not being present or taking part in the hearing. An order, which in effect adopted and confirmed the findings and recommendations in the master's report granting all relief requested by Appellee, was signed by the judge on August 26, 1987. Appellee subsequently moved for a new trial, which was granted by order signed on October 26, 1987. The case was initially set for trial in December 1987, at which time, after orally ordering Appellant to have financial statements and profit and loss statements for 1986 and 1987 prepared by an accountant for the next hearing, the judge reset the matter for final hearing on February 12, 1988. On that date, trial was commenced with Appellant being called as the first witness. The testimony of the witness was almost immediately terminated by the court when it was determined that Appellant did not have with him, nor had he had an accountant or certified public accountant prepare the financial records which the judge had ordered. No other witnesses testified and the judge heard no further evidence. As a sanction for Appellant's failure to obey the court's order, the judge stated:

> All right, what I am going to do is put a stop to these proceedings and reconfirm the order of $481 a month. This will teach you all a lesson to comply with the orders of this Court. $481 a month, starting with the month of February. I'm not going to waste my time. You all don't comply with orders, by God, the Supreme Court has said that when a court orders[,] if you don't comply with those orders you are going to suffer the consequences. It will be 481, the same thing as the Master entered as an order of support.

On March 17, 1988, the judge signed the final order from which this appeal was taken, awarding $2,200.00 attorney's fees to Appellee and ordering "that all of the remaining provisions of the *'ORDER ON MOTION TO MODIFY IN SUIT AFFECTING THE PARENT/CHILD RELATIONSHIP'* signed on August 26, 1987 in the minutes of this court are hereby affirmed and ratified as the order of this court." Appellant's subsequent motion for new trial was denied.

Appellant brings this appeal challenging the legal sufficiency of the evidence, asserting in five separate points of error that there is no evidence to support the various findings in the final order. In reviewing a "no evidence" point of error, this Court must only consider the evidence and reasonable inferences drawn therefrom, which when viewed in their most favorable light, support the findings of the court. All evidence and inferences to the contrary must be disregarded. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America,* 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Kin-*

*dred v. Con/Chem, Inc.,* 650 S.W.2d 61 (Tex.1983).

■ When the trial court granted Appellant's motion for new trial on October 26, 1987, this had the legal effect of vacating the final order of August 26, 1987, which had adopted and confirmed the findings of the court master, and of returning the case to the trial docket as though there had been no previous trial or hearing. *Wichita Falls Traction Co. v. Cook,* 122 Tex. 446, 60 S.W.2d 764 (1933); *Smith v. Thornton,* 119 Tex. 344, 29 S.W.2d 314 (1930); *City of San Antonio v. Dickman,* 34 Tex. 647 (Tex.1870); *Schaffer v. Speckels,* 62 S.W.2d 85 (Tex.Comm'n App.1933, holding approved). A new trial having been granted, another judgment could not properly be entered without a trial. *Smith v. Thornton,* 29 S.W.2d at 316. Having previously ordered a new trial, the court was without authority to reinstate the vacated judgment without another trial. *Saunders v. Hornsby,* 173 S.W.2d 795 (Tex.Civ.App.—Amarillo 1943, ref'd w.o.m.). As stated in *Ashton v. Farrell & Co.,* 121 S.W.2d 611 (Tex.Civ. App.—Forth Worth 1938, writ dism'd), "The former judgment was annulled in its entirety by the granting of a new trial of the case on its merits and being without life it could not be reformed or corrected, either in whole or in part."

■ Under Section 54.007, Tex.Gov't. Code Ann. (Vernon 1988), the court master has as several of his powers and duties, the duty to hear evidence and the power to make findings of fact on such evidence. In the exercise of these responsibilities, he is nothing more than an independent fact finder, similar in that respect to the function of a jury. What the court master heard, found and recommended as a result of a previous hearing became a nullity upon the granting of the new trial. Since both the final order of August 26, 1987, vacated by the order granting a new trial, and the final order dated March 17, 1988, including the findings recited therein, were based not upon any evidence heard personally by the judge on either occasion, but upon the findings and recommendations of the court master, the order appealed from was based upon no evidence, the order granting the new trial having put the case back on the docket as though it had never been tried. *Electrical Contracting and Maintenance Company v. Perry Distributors, Inc.,* 432 S.W.2d 543, 547 (Tex.Civ. App.—Dallas 1968, writ ref'd n.r.e.).

The record being devoid of any evidence to support the final order of March 17, 1988, we sustain all five of Appellant's points of error. The order and judgment is reversed and the case is remanded for trial on its merits.