# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00158-CV

**Texas Department of Protective and Regulatory Services, Appellant**

**v.**

**Patricia Curtis Mastin, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
## NO. 11,998, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

Appellant Texas Department of Protective and Regulatory Services sued appellee Patricia Curtis Mastin for termination of her parental rights to her two children.[1]  Following a bench trial, the trial court terminated Mastin=s rights in a written decree of termination.  Mastin moved for a new trial, which was granted.  The trial court then signed an order not only granting the motion for new trial but also purporting to modify the earlier decree and render a final decree that designates the Department permanent managing

---

[1]  The Department also sought termination of the parental rights of the fathers of the two children. The trial court terminated their rights; they have not challenged that ruling and are not parties to this appeal.

conservator of Mastin=s two children, but maintains Mastin=s parental rights. The Department appeals the order granting the new trial and the modified final decree. We will reverse and remand.

## BACKGROUND

On April 1, 1999, following a referral to Child Protective Services alleging sexual abuse of a child, the Department filed an original petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship against Mastin. Judge Guildford L. Jones, III entered *ex parte* orders that same day granting the Department temporary managing conservatorship of Mastin=s two minor children. Judge Jones continued to preside over subsequent status hearings and permanency hearings until the trial of the case.

The case was tried on September 18, 2000 before a visiting judge, Judge D.V. Hammond. Following a five-day bench trial, Judge Hammond ordered termination of Mastin=s parental rights to both her children and signed a final decree to that effect. Mastin and the attorney ad litem for one of the children filed a joint motion for new trial, which was considered by Judge Jones. Judge Jones conducted an evidentiary hearing on the motion, during which he heard testimony from several witnesses and reviewed the transcript and the evidence from the full trial. He then entered an order granting a new trial, but in addition, without hearing evidence on the merits, he entered a modified final decree of termination and conservatorship, granting the Department permanent managing conservatorship of Mastin=s two children and maintaining Mastin=s parental rights. By five issues, the Department appeals both the order granting the new trial and the modified decree.

2

**DISCUSSION**

By its first issue, the Department complains the trial court erred in granting a new trial, arguing that it is an abuse of discretion for a trial court judge to hear and rule on a motion for new trial when that judge did not hear and consider the evidence presented at the full trial on the merits.

An order granting a new trial is an interlocutory order and is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *Scott v. Scott*, 774 S.W.2d 307, 308 (Tex. App.CAustin 1989, no writ). When a trial court grants a motion for new trial, it restores the case to its position before the former trial. *See* Tex. R. App. P. 21.9. Thus, there is no longer a final, appealable judgment for this Court to review, and no vested right subject to due process exists. *Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 (Tex. 1993) (when trial court ordered new trial, final judgment no longer existed from which appeal could be taken); *Burroughs v. Leslie*, 620 S.W.2d 643, 644 (Tex. Civ. App.CDallas 1981, writ ref=d n.r.e.). The Department=s first issue is overruled.

By its second and third issues, the Department argues that Judge Jones erred in rendering a modified final decree of termination because he did not preside over and hear the evidence in the trial on the merits. We agree that the trial court erred, but for different reasons than those posited by the Department.

The trial court conducted an evidentiary hearing on the motion for new trial. Following the

3

hearing, the trial court rendered a single written order that included both the order granting a new trial and a modified final decree of termination and conservatorship.[2]  The trial court=s order granting a new trial states:

> THEREFORE, the Court is of the opinion that the Motion for New Trial should be **GRANTED,** and, accordingly, it is **ORDERED AND DECREED** that the Decree of Termination signed on October 4, 2000 by the Hon. D.V. Hammond is hereby set aside and made a nullity in all respects and the following is hereby entered as the **MODIFIED FINAL DECREE OF TERMINATION & CONSERVATORSHIP.**

Thus, A[t]he order of the court setting aside the only judgment that was rendered upon the verdict had the effect of destroying the life of the verdict for all purposes.@ *Schintz v. Morris*, 35 S.W. 516, 519 (Tex. Civ. App.CAustin 1896, orig. proceeding); *see also Pinkley v. Vega*, 768 S.W.2d 473, 475 (Tex. App.CEl Paso 1989, no writ) (order granting new trial vacates former judgment in its entirety). Consequently, the original decree terminating Mastin=s parental rights could not be modified, as it no longer had any effect once the motion for new trial was granted.  *See Pinkley*, 768 S.W.2d at 475 (because former judgment was annulled in its entirety by granting of new trial, it could not be reformed or corrected, either in whole or in part) (quoting *Ashton v. Farrell & Co.*, 121 S.W.2d 611, 616 (Tex. Civ. App.CFort Worth 1938, writ dism=d)).

---

[2] The order granting the new trial also included findings of fact and conclusions of law.  *But see* Tex. R. App. P. 21.8 (in ruling on motion for new trial, court must not summarize, discuss, or comment on evidence).

In addition, the record filed with this Court includes no indication that the trial court conducted a separate new trial before rendering the modified final decree. *See id.* (AA new trial having been granted, another judgment could not properly be entered without a trial.@). Once the trial court granted a new trial, however, the effect of its order is that a new trial is scheduled on the docket as if no trial had been originally held.[3] *In re Wilburn*, 18 S.W.3d 837, 844 (Tex. App.CTyler 2000, pet. denied); *Pinkley*, 768 S.W.2d at 475; *Schintz*, 35 S.W. at 519-20. A knowledge of facts acquired at the former trial, either by the court or jury, furnishes no basis for a subsequent verdict, finding of fact, or conclusion of law. *Pinkley*, 768 S.W.2d at 475; *Schintz*, 35 S.W. at 519. Thus, we hold that the trial court erred in attempting to modify the final decree of termination after the motion for new trial had been granted and in failing to conduct a new trial before rendering a new decree. The Department=s second and third issues are sustained.[4]

---

[3] Authority exists for the proposition that within its plenary power, a trial court can Aungrant@ a motion for new trial. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). The trial court in this instance did not take such action but rather attempted to modify the final decree without conducting a new trial.

[4] Because we are sustaining the Department=s second and third issues, we do not reach its remaining issues. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

Because an order granting a motion for new trial is interlocutory and not appealable, we will not disturb the trial court≠s order granting a new trial, and we overrule the Department≠s first issue. We conclude, however, that once a new trial is granted, the trial court must conduct a new trial and render a new judgment based on the evidence presented at that trial. Accordingly, we sustain the Department≠s second and third issues and remand this cause to the trial court for a trial on the merits.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Justice Patterson concurs in the judgment only.

Reversed and Remanded

Filed: June 21, 2002

Do Not Publish