COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







NUMBER 13-04-224-CV


G. XAVIER MONTEMAYOR AND 

FRANKLIN T. GRAHAM, JR., Appellants,


v.



BECKY ORTIZ, D/B/A SCHOR'S, Appellee.






NUMBER 13-04-358-CV


G. XAVIER MONTEMAYOR AND 

FRANKLIN T. GRAHAM, JR., Appellants,

 

v.



JOSE ANTONIO ORTIZ FERNANDEZ, 

JOSE ANTONIO ORTIZ CELADA, 

AND WIFE, BECKY ORTIZ, Appellees.





On appeal from the 138th District Court


of Cameron County, Texas.






O P I N I O N ON R E H E A R I N G



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo


 

 Both appellants and appellee have filed motions for rehearing. We deny
appellee's motion for rehearing. We similarly deny appellant's motion for rehearing.
We provide this supplemental opinion on rehearing to fully address the question of
attorney fees in the declaratory judgment action, appellate cause No. CV-04-358-CV. 
These issues do not alter the Court's opinion in this appeal which issued July 20,
2006. 

I. The Issues

 Appellants' issues thirteen, fourteen and fifteen on appeal are framed as follows:

13. The trial court erred in granting judgment for attorney fees because
Ortiz failed to timely designate Shelby Jordan as a fact and expert
witness, and Ortiz also failed to timely produce documents admitted into
evidence pursuant to appellants' request for production. All such
evidence should have been excluded.


14. The trial court erred in granting judgment for attorney fees because
Ortiz failed to properly segregate attorney fees incurred to obtain her
declaratory judgment versus attorney fees incurred to prosecute tort
damage claims and other matters.


15. The trial court erred in granting judgment for attorney fees because
there was no right to recover attorney fees under the declaratory
judgment act. Ortiz's declaratory judgment action raised no new factual
or legal issues that were not already raised in appellants' pleadings. 



II. Background

 As we noted in our opinion, partial summary judgment in the declaratory
judgment action that the 1990 judgment was an action for debt, and not based in tort,
was entered on February 21, 2003. Partial summary judgment that Schor's was at
all times Ortiz's "special community property," subject to her sole management and
control and not available for attachment to satisfy the 1990 judgment debt, was
entered on May 27, 2003. On August 11, 2003, the declaratory judgment action was
severed from Ortiz's counterclaims for damages. Following a jury trial on the damage
claims, Ortiz returned to the trial court in the declaratory judgment action to pursue her
claim for attorney fees. 

 On September 8, 2003, Ortiz filed a motion for determination of attorney fees
and for severance. Montemayor and Graham (collectively "Montemayor") objected. 
On November 4, 2003, the trial court issued a letter to counsel advising that it found
the fee request to be excessive and unreasonable, and that $35,000 would be
awarded in fees. Montemayor and Ortiz objected. Judgment awarding $35,000 in
fees to Ortiz was entered on January 13, 2004. Ortiz subsequently filed a motion for
new trial as to the attorney fees, complaining of the trial court's summary disposition
of the issue. Montemayor also filed a motion for new trial. At a hearing held on
February 27, 2004, both parties objected to the fee award and agreed the issue
needed to be tried. A new trial was granted and set to commence March 22, 2004,
less than thirty days later. (1) 

 The charge submitted to the jury included a request for a dollar amount of
attorney fees reasonably and necessarily incurred by Ortiz in "this" lawsuit. The jury's
response was $142,908.72 for representing Ortiz in court, $20,000 for representing
her on appeal, and $15,000 for any appeal to the Supreme Court of Texas. Final
judgment incorporating this award was entered April 19, 2004. 

A. Discovery Documents

 Requests for Disclosure were propounded to Ortiz on May 29, 2002. 
Supplemental responses, provided in February and March 2003, include identification
of various persons with knowledge of relevant facts, and various experts. Mr. Frank
Perez is identified as the expert who would testify as to the reasonableness and
necessity of attorney fees. Montemayor's Third Request for Production was
propounded to Ortiz on October 14, 2003. The requests call for production of any and
all attorney fee agreements, attorney fee billing statements, and payments for retained
or other services made to attorneys. On November 14, 2003, Ortiz responded by
objecting to each request. 

 Following the hearing on February 27, 2004, a jury trial was scheduled for
March 22, 2004. On March 3, 2004, Montemayor file a motion to compel discovery
and for sanctions, complaining of Ortiz's failure to respond to the third set of requests
for production. On March 11, 2004, Ortiz produced documents responsive to the
requests, including Ortiz's fee agreement and detailed time records of Shelby Jordan
and Norman Thomas, counsel for Ortiz. Ortiz also notified Montemayor of her intent
to use Jordan as an expert on attorney fees, and tendered him for deposition. 
Jordan's deposition was taken on approximately March 18, and Montemayor reviewed
with him the related documentation and his prospective testimony. 

B. Trial


 At the hearing on pre-trial motions held March 22, Montemayor objected to the
admission of Jordan's testimony, contending he was either never designated, or was
late designated as an expert. Ortiz contended that Jordan had been designated as
soon as it was learned the motion for new trial had been granted, and further that,
having taken Jordan's deposition, Montemayor would sustain no unfair surprise. The
trial court overruled Montemayor's objections and permitted Jordan to testify. The
trial court also overruled Montemayor's objections to the admission of attorney fee and
billing records. 

 Jordan testified as to his experience and expertise, and his hourly rates. He
testified that he did not bill Ortiz at his usual rate of $375, but instead at the reduced
rate of $250 an hour. He testified that Montemayor first filed suit requesting
declaratory judgment in May 2002. Jordan's involvement in the case began even
before the fee agreement was signed. (2) He discussed the nature and complexity of the
case, including each party's request for a declaratory judgment, and the volume of
pleadings and other filings exchanged between the parties. Jordan stated he brought
in additional local counsel and other counsel as well to share the work load but that,
pursuant to the fee agreement, no additional fees would be due by Ortiz; rather, the
attorneys would divide any recovery. 

 Jordan and his firm maintained time records of services rendered in the case. 
The contingency fee agreement called for Ortiz to pay costs of the litigation as they
were incurred. Fees in Ortiz's exhibit 6 totaled $183,000, but some portions were
redacted and not requested because they were unrelated to the declaratory judgment
action. Fees requested totaled $131,268.50, plus $11,000 in costs for a total of
$142,268.50. (3)

 Jordan testified that fees and services associated with the other affirmative
claims brought by Ortiz, which had been severed and were pursued separately to a jury
trial, were not included in this fee request. He estimated what reasonable and
necessary fees would be for any appeal. Jordan was fully cross-examined. 

 William Kimball, counsel for Montemayor, testified to counter the assertions of
Jordan. He testified he was familiar with pleadings filed in the case and that he had
reviewed Jordan's billing records. He complained of the vagueness of certain billing
entries, and expressed his opinion that many of the services reflected in those records
did not relate to issues in the declaratory judgment action. He contested specific
entries. Kimball and counsel for Montemayor contended that Ortiz should only be able
to recover fees, if at all, for work done on the sole issue of whether or not Schor's
was her special community property. Kimball opined that in Jordan's firm billing
records, only 5.2 hours properly dealt with that issue, and those were spent by an
attorney billing at $180 per hour. He also opined that only 33 hours of Thomas's time
could be attributed to this issue, at a rate of $200 per hour, bringing the total
reasonable fees to only $7,500-$8,000. Kimball distinguished the different suits
involved, the issues in each, and opined that the other suits had no bearing on the
matters in the declaratory judgment action. Ortiz's cross-examination of Kimball
explored Ortiz's contrary view. The fact of the severance was discussed. 

 The jury returned a unanimous verdict awarding to Ortiz $142,908.72 in fees,
plus $20,000 for any appeal to the court of appeals, and $15,000 for any appeal to
the Texas Supreme Court. Judgment on this verdict was entered on April 19, 2004. 
This appeal ensued.

III. Standard of Review


 The Declaratory Judgments Act provides that in proceedings brought under it,
"reasonable and necessary attorney's fees" may be awarded as are "equitable and
just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997); Allstate Ins. Co.
v. Hallman, 159 S.W.3d 640, 643 (Tex. 2005). The reasonable and necessary
requirements are questions of fact to be determined by the fact finder, but the
equitable and just requirements are questions of law for the trial court to decide. Ridge
Oil Co. v. Guinn Invs., Inc., 148 S.W.3d 143, 161 (Tex. 2004). "Unreasonable fees
cannot be awarded, even if the court believes them just, but the court may conclude
that it is not equitable or just to award even reasonable and necessary fees." Id. at
161-62 (citing Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998)).

 A judge's decision to award or not award attorney's fees is reviewed on appeal
for an abuse of discretion. Id. at 163. To find an abuse of discretion, the trial court
must have acted without reference to any guiding rules or principles, such that the act
was arbitrary or unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). Merely because a trial court may decide a matter within
its discretion in a different manner than an appellate court would in a similar
circumstance does not demonstrate that an abuse of discretion has occurred. Id. at
242. 

 Similarly, the admission and exclusion of evidence is committed to the trial
court's sound discretion. Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc., 176
S.W.3d 307, 315 (Tex. App.-Houston [1st Dist.] 2004, pet. denied); Moore v. Bank
Midwest, N.A., 39 S.W.3d 395, 401 (Tex. App.-Houston [1st Dist.] 2001, pet.
denied). We must uphold the trial court's evidentiary ruling if there is any legitimate
basis for the ruling. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998) (citing State Bar of Tex. v. Evans, 774 S.W.2d 656, 658 n.5 (Tex.
1989)). We will not reverse a trial court for an erroneous evidentiary ruling unless the
error probably caused the rendition of an improper judgment. See Tex. R. App. p. 44.1;
Malone, 972 S.W.2d at 43; see also Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d
394, 396 (Tex. 1989).

 With respect to the conclusions of the jury, the trier-of-fact remains the sole
judge of the credibility of the witnesses and the weight to give their testimony. City
of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005). It may choose to believe one
witness and disbelieve another, and a reviewing court cannot impose its own opinions
to the contrary. Id. "A reviewing court cannot substitute its judgment for that of the
trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement." 
Id. at 822. "The court must consider evidence in the light most favorable to the
verdict, and indulge every reasonable inference that would support it. But if the
evidence allows of only one inference, neither jurors nor the reviewing court may
disregard it." Id. 

IV. Analysis

A. Admissibility of Testimony and Documents to Support the Fee Award 

 Montemayor urges that the trial court erred in permitting Jordan to testify as a
fact or expert witness because he was not timely designated. Montemayor further
urges that because Ortiz failed to timely respond to production requests, all
documentary evidence admitted in support of the attorney fees should have been
excluded. 

 Texas Rule of Civil Procedure 193.6 provides that a party who fails to amend
or supplement discovery in a timely manner may not introduce in evidence the material
or information that was not timely disclosed, or offer the testimony of a witness who
was not timely identified, unless the court finds (1) there was good cause for the
failure to timely supplement, or (2) the failure will not unfairly surprise or unfairly
prejudice the other parties. Tex. R. Civ. P. 193.6. The burden to establish good cause
or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the
evidence or call the witness; any finding of good cause or lack of unfair surprise or
unfair prejudice must be supported by the record. Id. 

 Ortiz contended there was no unfair surprise. The trial court repeatedly
overruled Montemayor's objections to entry of the evidence and the testimony, at both
the pre-trial hearing and at trial. Implicit in the trial court's decisions, both to permit
Ortiz's witness to testify on attorney fees and to admit the related documentary
evidence, is a determination that there was good cause or no unfair surprise in any late
disclosure of the witness or the documentation. Bellino v. Comm'n for Lawyer
Discipline, 124 S.W.3d 380, 384 (Tex. App.-Dallas 2003, pet. denied) (citing Capital
Metro. Transp. Author./Cent. of Tenn. Ry. and Navigation Co. v. Cent. of Tenn. Ry.
and Navigation Co., 114 S.W.3d 573, 583 (Tex. App.-Austin 2003, pet. denied)
(finding of unfair surprise implicit in court's ruling)); see also De La Rosa v. St. John,
No. 03-99-0282-CV, 2000 Tex. App. LEXIS 1371, at *6 (Tex. App.-Austin March 2,
2000, no pet.) (designated as opinion) (finding an implicit ruling of good cause in the
trial court's ruling in favor of admission of the evidence and testimony). 

 Additionally, the record is unequivocal that the sole issue to be addressed in the
forthcoming trial was attorney fees. Subsequent to the disclosure of the information
in issue, the deposition of Jordan was scheduled and taken by Montemayor. 
Testimony provided at trial by Kimball, counsel for Montemayor, reflected he had
reviewed in detail the fee records as well as Jordan's deposition testimony. Cross-examination of Jordan was full and competent. 

 We conclude the record supports an implicit finding of lack of unfair surprise,
and that the trial court did not abuse its discretion in permitting the witness to testify
and the documentary evidence to be admitted. Bellino, 124 S.W.3d at 384; Capital
Metro., 144 S.W.3d at 583. Accordingly, we conclude the trial court did not err in
admitting either the testimony or the documentary evidence of the fee records. We
overrule Montemayor's issue thirteen on appeal.

B. Segregation of Fees

 Montemayor next urges it was error to submit evidence of all the various fees
to the jury because Ortiz failed to properly segregate attorney fees related solely to
pursuit of the declaratory judgment issues. Montemayor argues that, because of this
failure, the jury award was excessive, unreasonable, and conflicted with the trial
court's earlier finding. 

 The trial court issued its first judgment awarding fees without any hearing or
evidence of the parties. Montemayor in fact objected to entry of that order on fees,
and Ortiz had requested a jury trial on the issue. Both parties filed a motion for new
trial on the issue of attorney fees; that new trial was granted, and the earlier judgment
was withdrawn. The question was then presented to the jury as the fact finder. 

 The trial court has broad discretion in granting a new trial. Champion Int'l Corp.
v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding) (per
curiam). When a motion for new trial is granted, the original judgment is set aside and
the parties may proceed without prejudice from previous proceedings. Markowitz v.
Markowitz, 118 S.W.3d 82, 88 (Tex. App.-Houston [14th Dist.] 2003, pet. denied)
(citing In re Marriage of Wilburn, 18 S.W.3d 837, 844 (Tex. App.-Tyler 2000, pet.
denied); Long John Silver's Inc. v. Martinez, 850 S.W.2d 773, 777 (Tex. App.-San
Antonio 1993, writ dism'd w.o.j.)). Granting a new trial has the legal effect of
vacating the original judgment and returning the case to the trial docket as though
there had been no previous trial or hearing. Id. (citing Pinkley v. Vega, 768 S.W.2d
473, 475 (Tex. App.-El Paso 1989, no writ) (finding that order granting new trial
vacates former judgment in its entirety); Schintz v. Morris, 35 S.W. 516, 519 (Tex.
Civ. App.-Austin 1896, orig. proceeding) (noting that a decision to grant a motion for
new trial, thereby setting aside the only judgment that was rendered on the verdict,
had "the effect of destroying the life of the verdict for all purposes.")). Any argument
by Montemayor that the earlier judgment should prevail over the subsequent verdict
and judgment based thereon is without merit. 

 With respect to segregation of fees, Montemayor argues that Ortiz recovered
for time spent not just on the declaratory judgment action dealing with whether or not
Schor's was her separate property, but also other claims, including other declaratory
judgment claims and counter-claims based in tort. A plaintiff is required to show that
the fees were incurred in conjunction with the prosecution or defense (in the context
of a declaratory judgment) of a claim which allows recovery of such fees. Recovery
of attorney fees is statutorily permissible under the Texas Declaratory Judgments Act;
fees may be awarded "as are equitable and just," without the requirement that a party
prevail on its claims. Tex. Civ. Prac & Rem. Code Ann. § 37.009 (Vernon 1997). 

 Here, Montemayor originally brought suit seeking a declaratory judgment of the

right of the Plaintiffs [Montemayor] to execute and foreclose upon the
personal properties . . . and/or equipment of the Defendants and/or
Schor's jewelry stores . . ." and that "said personal properties . . .
inventory and/or equipment of the Schor's jewelry stores is the
community property of defendants Celada and Becky Ortiz; that said cash
and properties are subject to levy and execution by the plaintiffs based
upon said judgment debt. . . .


Subsequently, Ortiz filed counter-claims seeking a declaratory judgment that Ortiz was
not personally liable on the judgment, and that neither Ortiz nor her business assets
of Schor's were subject to the judgment debt underlying Montemayor's action to levy
on that property. Ortiz also sought a declaration that the judgment on the debt was
dormant. Ortiz's counterclaims included several based in tort; those were later severed
from the declaratory judgment actions.

 Evidence at trial included testimony that work on the declaratory judgment
issues was consuming and closely intertwined with all other issues, up until the date
of the severance. Jordan further testified that time incurred prior to the severance that
was attributable to the tort claims had been redacted from the fees requested; time
attributed to trial preparation and trial on the tort claims similarly had not been included
in the fee request. Full cross-examination of Jordan occurred; an attorney also
testified on behalf of Montemayor. The jury had the opportunity to not only evaluate
the testimony but also to review the fee statements. 

 As noted above, the jury, as trier-of-fact, is the sole judge of the credibility of
the witnesses and the weight to give their testimony. City of Keller, 168 S.W.3d at
819. It may choose to believe one witness and disbelieve another; a reviewing court
cannot impose its own opinions to the contrary or substitute its judgment for the trier
of fact, so long as the evidence falls within the zone of reasonable disagreement. Id. 
Further, "segregation of fees is not required if services are rendered in connection with
claims arising out of the same transaction and are so interrelated that their prosecution
or defense entails proof or denial of essentially the same facts." Hill v. Heritage Res.,
Inc., 964 S.W.2d 89, 143 (Tex. App.-El Paso 1997, pet. denied). The jury could
reasonably have concluded either that the fees had been appropriately segregated, or
that remaining fees, if not fully segregated, related to services that were so intertwined
as to make further segregation impractical and unnecessary. 

 Montemayor contends the fee award is unjust as a matter of law. Whether the
fees are reasonable and necessary is a question of fact for the jury. Bocquet, 972
S.W.2d at 21. Whether the fees are also equitable and just is an equitable
consideration, submitted to the trial court's discretion, and it is an abuse of discretion
to rule arbitrarily, unreasonably, or without regard to guiding legal principles. Id. 
Jordan testified that he had reduced his normal fee, his firm had expended numerous
hours and extensive efforts in litigating her position on the declaratory judgment
issues, and that in some instances, matters at first deemed to be "undisputed" would
resurface as contested issues requiring additional litigation. Ortiz prevailed on the
declaratory judgment issues before the trial court. 

 We conclude that the jury could properly find that the fees it awarded were
neither unreasonable nor unnecessary. We further conclude that the trial court did not
abuse its discretion or err as a matter of law in finding that the fee award reflected in
the jury award, and subsequently incorporated in the final judgment was neither
inequitable nor unjust. We overrule Montemayor's issue fourteen on appeal. 

C. Availability of Attorney Fee Award

 In the fifteenth issue, Montemayor urges that Ortiz had no right to recover
attorney fees under the Declaratory Judgments Act because she presented no new
factual or legal issues not already raised in appellants' pleadings. It is undisputed that
Montemayor initiated proceedings with a suit for declaratory judgment and that Ortiz
counterclaimed with her own requests for declaratory judgment. Two summary
judgment orders issued declaring rights in favor of Ortiz. 

 Attorney fees may be recovered in actions arising under the Declaratory
Judgments Act. See Tex. Civ. Prac & Rem. Code Ann. § 37.009 (Vernon 1997). 
Montemayor contends that Ortiz's counterclaims presented no new controversies, and
therefore an award of fees based thereon was improper. 

 When a party brings a declaratory judgment action by way of a counterclaim,
and that counterclaim involves only issues already raised by the original claim, the
party is not entitled to an award of attorney's fees. Flagship Hotel, Ltd. v. City of
Galveston, 117 S.W.3d 552, 566 (Tex. App.-Texarkana 2003, pet. denied). 
However, this general rule only applies when a defendant files a declaratory-judgment
counterclaim that presents no new issues except to recover attorneys' fees. Hansson
v. Time Warner Entm't Advance/Newhouse P'ship, No. 03-01-00578-CV, 2002 Tex.
App. LEXIS 2058, at *10 (Tex. App.-Austin 2002, pet. denied) (designated as
opinion) (citing Falls County v. Perkins & Cullum, 798 SW.2d 868, 871 (Tex.
App.-Fort Worth 1990, no writ)). The rule does not apply where a defendant is
defending against a plaintiff's declaratory judgment action. Id.

In the present case, the plaintiff (appellant), not the defendants
(appellees), invoked the Declaratory Judgments Act in its pleadings. Only
after appellant instigated the declaratory judgments action as the basis
for its suit did appellees then request attorney's fees under the same
Declaratory Judgments Act. The request was logical and clearly
authorized in defense of the main suit.


Falls County, 798 S.W.2d at 871. (4) Such is the case here, where Montemayor brought
the initial suit as a declaratory judgment action. (5) 

 We conclude the trial court did not abuse its discretion in finding that Ortiz was
entitled to seek and recover an award of attorney fees under the Declaratory
Judgments Act. See Bocquet, 972 S.W.2d at 20. Accordingly, we overrule the
fifteenth issue on appeal. (6) 

CONCLUSION

 We deny the motions for rehearing filed by appellants and by appellee. 

 

 

 ERRLINDA CASTILLO

 Justice 




Opinion on Rehearing delivered and filed this 

the 16th day of November, 2006.

 

1. Montemayor's motion for new trial also complained of the trial court's substantive findings in
the declaratory judgment. Only the attorney fee issue proceeded to trial. 
2. Jordan's firm first formally appeared as counsel of record in the case in February 2003. The
time records reflect consultations and services rendered beginning in late August 2002. Jordan testified
that he and Ortiz first reached an oral agreement regarding his representation; the later written fee
agreement is dated November 1, 2002. 
3. The exhibit also includes time records and fees incurred on behalf of Ortiz by counsel J.
Norman Thomas who assisted in the matter. 
4. Montemayor relies upon Howell v. Mauzy, 899 S.W.2d 690, 706-07 (Tex. App.-Austin 1994,
writ denied) and Redwine v. AAA Life Ins. Co., 852 S.W.2d 10, 17 (Tex. App.-Dallas 1993, no writ). 
However, these cases are distinguishable from Hansson v. Time Warner Entm't Advance/Newhouse
P'ship, No. 03-01-00578-CV, 2002 Tex. App. LEXIS 2058 (Tex. App.-Austin 2002) (designated as
opinion), from Falls County v. Perkins & Cullum, 798 SW.2d 868, 871 (Tex. App.-Fort Worth 1990,
no writ), and from the matter before us. In Howell and Redwine, no claim supporting an award of
attorney fees existed prior to the filing of the counterclaim for declaratory judgment; these courts
therefore concluded that the Declaratory Judgments Act could not be used to bootstrap a claim for
attorney fees where it raised no new issues. 
5. We further note that an award of fees under the Declaratory Judgments Act is not dependent
upon whether or not the party ultimately prevails. Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998)
(stating the declaratory judgments act "does not require an award of attorney fees to the prevailing
party"); Barshop v. Medina Cty. Underground Water Conserv. Dist., 925 S.W.2d 618, 637 (Tex. 1996);
Scottsdale Ins. Co. v. Travis, 68 S.W.3d 72, 77 (Tex. App.-Dallas 2001, pet. denied). 
6. We note Montemayor's contention that we failed to address the third issue on appeal, that the
trial court erred in determining that the 1990 judgment was not a "joint debt." The 1990 judgment,
based on promissory notes, did not name Ortiz as a party or as an obligor. The record is further devoid
of any evidence that Ortiz participated in any of the underlying events or even had knowledge of the
1990 judgment. In our earlier opinion, we discussed at length that the judgment was for a claim in
contract and not in tort; only a tort debt can reach community property under the separate management
and control of the other spouse. Tex. Fam. Code Ann. § 3.202 (Vernon 1998). Nothing supports any
contention that this earlier judgment debt was a "joint obligation" simply because Ortiz was married to
a named debtor. We have already distinguished Cockerham, v. Cokerham, 527 S.W.2d 162 (Tex.
1975), and overruled Montemayor's third issue. We reiterate that conclusion here.